WINBORNE, J., dissenting.
STACY, C. J., and BARNHILL, J., concur in dissent.
This is an action to recover for personal injuries sustained by reason of the alleged negligence of the defendant.
The evidence taken in the light most favorable to the plaintiff shows substantially that the plaintiff, a boy eighteen years old, was an employee at Bowman's Filling Station on 28 October, 1936, at the time of his injury. John L. McLeod and Lacy Henry, employees of the defendant and operating a truck for said defendant, came to the filling station for the purpose of inflating one of the tires of the truck, which they proceeded to undertake.
The inner tire of the left rear dual wheel had been partially deflated and had been driven in this condition for about twenty miles. The valve on this tire was a short stemmed valve and the outer wheel had been put on so that the valve stem of the inner tire was not readily accessible from outside, or through the spokes. The dual wheels were mounted so closely together that it was difficult to get the hand between them. The air hose belonging to the filling station, connected with the compressed air tank or pump, had a short nozzle or chuck such as was in common use in filling stations of that kind. *Page 728 
The plaintiff had been told by his employer to wait on customers wanting air when he was not otherwise employed. The compressed air apparatus was subject to the gratuitous use of automobilists who desired to use it.
After McLeod and Henry had been engaged sometime in inflating the tire, plaintiff tendered to them his services, which were accepted, and it was explained by Henry that they thought because of the fact that he had a smaller hand he might more easily insert it between the tires, that being the manner in which they were attempting to service the tire. Neither McLeod nor Henry gave the plaintiff notice of any defect about the tire or wheel or its assemblage, and gave him no warning of any danger that might be incurred in performing the service.
Because of the obstruction created by the mounting of the outside rear wheel and the fact that the valve stem was short, it was necessary for the plaintiff to insert one hand between the tires of the dual wheel and the other into and through the opening between the spokes of the outer wheel, so that proper contact might be made and maintained between the air hose nozzle and the valve stem. While engaged in this service the rim flange of the inner wheel flew loose and caught plaintiff's hands between the two tires of the wheel, causing the loss of two fingers on the left hand and badly injuring the thumbs on both hands.
The plaintiff introduced evidence tending to show that trucks of this make and type were originally furnished with a long valve stem, and that short valve stems were subsequently put into use by the defendant, and that these were not as safe. Further evidence was to the effect that the defendant itself, in inflating the tires on its own trucks, used a long air hose chuck, or nozzle, as a safety device.
The judge sustained a demurrer to the evidence, and plaintiff appealed.
Under the evidence taken in the light most favorable to plaintiff, did the defendant fail to perform any duty which it owed to the plaintiff?
Such a duty, if it exists, cannot be made to depend entirely upon either of the two relations which it is suggested might obtain between the parties, that is, the relation of bailor and bailee or master and servant, although either relation, if it existed, might present a special phase of the subject and conceivably might affect the application of the rule. Incidentally we find in the present record no evidence of bailment, since defendant's truck was at no time in the exclusive control of the plaintiff or the filling station operator. Further, it is not necessary to *Page 729 
consider the suggested relationship of master and servant, since the question we have asked ourselves may be solved from an independent point of view.
It is, of course, not necessary that a duty, the violation of which may constitute actionable negligence, should arise out of any contractual relation between the parties. There are other relations and situations or circumstances attending the occurrence or transaction connected with the injury which may give rise to such a duty. The defendant owed to this plaintiff the duty of refraining from subjecting him without warning to danger from a condition which was known to it, or could have been known by the exercise of due care, and "there is a general duty owing to others of not injuring them by any agency set in operation by one's act or omission." 45 C. J., p. 645; Cashwell v. Bottling Works, 174 N.C. 324,93 S.E. 901. The latter case quotes, with approval, Heaven v. Pender, 11 L. R. (1882-'83), p. 503: "Whenever one person is by circumstances placed in such a position towards another that every one of ordinary sense who did think would at once recognize that if he did not use ordinary care and skill in his own conduct with regard to those circumstances, he would cause danger of injury to the person or property of the other, duty arises to use ordinary care and skill to avoid such danger." Lisle v. Anderson, 61 Okla. 68, 71, 159 P. 278.
The defendant owed to the plaintiff the duty of exercising reasonable care not to expose him to danger in the invited or permitted use for its benefit of machinery, appliances, or equipment inherently dangerous or which had become dangerous while in its control, if the condition was known to it or could have been known to it by the exercise of due care. MoremanGin. Co. v. Brown, 291 S.W. 946, (injury caused by breaking of tackle which plaintiff was invited to use in unloading cotton); Pennsylvania R.Co. v. Hummel, 167 Fed., 89 (injury to plaintiff caused by furnishing his employer with defective car to be loaded); Connor's v. Great Northern El.Co., 9 A.D. 311, 323, 85 N.Y. S., 644 (injury from use of defective appliance when no contractual relation existed); King v. National Oil Co., 81 Mo. Ap., 155 (injury caused plaintiff by dangerous condition of wagon he was repairing); MacPherson v. Buick Motor Co., 217 N.Y. 382, 390,111 N.E. 1050: "He who puts a thing in charge of another which he knows to be dangerous or to be possessed of characteristics which in the ordinary course of events are likely to produce injury owes a duty to such person to give reasonable warning or notice of such danger." Kutchera v. Minneapolis etc. Railroad Co., 50 N.D. 597, 603,197 N.W. 140.
The evidence taken in the light most favorable to the plaintiff tends to show that the truck was equipped with dual wheels, the dual wheels being assembled so closely together that the hand could be with difficulty *Page 730 
inserted between them; that the outer wheel was so mounted that the openings in it, referred to in the evidence as openings between the spokes, were not in proper correlation with the inner wheel so that the valve stem used for inflating the tire of that wheel could be easily accessible, which is declared by the witness Jantsch to be an improper mounting; that the truck had been originally equipped with tires or tubes carrying a long valve stem, which would render it unnecessary to insert the hand between the wheels in the process of inflation; that the truck had been driven eighteen or twenty miles with a slack tire on the inner wheel, and although presumably supported by the outer fully inflated tire, the supporting rim or flange of the inner tire may have been disarranged from its proper assemblage by bumping on irregularities in the road, this effect being more easily brought about on account of the increase of weight upon the inflated tire. It further tended to show that the long valve stem with which the truck had been originally equipped had been removed and a short valve stem substituted for it, and that this was less safe; that the defendant itself used a long chuck or nozzle upon the air hose as a safety device in inflating the tires.
The evidence tends to show that McLeod and Henry, in charge of the truck, had undertaken the inflation themselves and accepted the services of plaintiff during the job because his hand was smaller than theirs and could be more readily inserted between the wheels in order to keep the air hose in contact with the short valve stem during inflation.
Plaintiff received his injury from the rim flange of the inner wheel, which "flew loose," pinning his left hand between the wheels and injuring the thumb of his right hand, which hand he had thrust through an opening in the outer wheel to reach the short valve of the inner stem.
While McLeod and Henry disclaimed any knowledge of the danger, and one of them declared that he had never before seen a rim fly off that way, it is not denied that they drove the truck with a slack tire for eighteen or twenty miles, and under the circumstances of this case it is a question for the jury as to whether or not this may have involved the creation of a dangerous situation which was known to defendant's agents, or ought to have been known by the exercise of due care, and of which it was their duty to inform the plaintiff.
The judgment of nonsuit is
Reversed.