LEWIS C. AUMAN v. CROUSE DAIRY PRODUCTS, INC.

No. 7422SC159

(Filed 6 February 1974)

1. Appeal and Error § 49— answer to hypothetical question — exclusion not prejudicial

Plaintiff was not prejudiced where the trial court excluded an answer of an expert witness to a hypothetical question, since plaintiff was able to establish what he sought when the hypothetical question was rephrased and the witness was allowed to answer.

2. Negligence § 29— injury from separation of rim and tire from hub — worn nuts — evidence of defendant's negligence insufficient

In an action to recover damages for personal injury allegedly caused by the force of a rim and tire separating from a hub of defendant's trailer, the trial court properly granted defendant's motion for directed verdict based on plaintiff's failure to show actionable negligence on the part of defendant in not warning plaintiff of a dangerous condition, since the only evidence that would tend to show notice to defendant of a dangerous condition was that the exterior of the nuts holding the lugs was worn, but there was no showing that the worn nuts caused the accident or that a reasonable man would be led to believe that the rim would disengage if the lug nuts were worn.

APPEAL by plaintiff from Lanier, Judge, 10 September 1973 Civil Session of DAVIDSON Superior Court.

In this action plaintiff seeks to recover damages for personal injury allegedly caused by the force of a rim and tire separating from a hub of defendant's trailer.

Plaintiff's evidence tended to show: On 22 April 1969, plaintiff was working at Denton Service Station, Denton, N. C. At approximately 8:20 that morning Bobby Lee Talbert (Talbert), employed by defendant, drove a tractor and trailer owned by defendant up to the station. Talbert requested plaintiff to remove a flat tire from the right rear of the trailer and replace it with a spare. The trailer was equipped with dual wheels and as the flat tire was on the inside, it was necessary to remove both wheels to make the repair. After the right side of the rear axle was "jacked up," plaintiff got an electric wrench to remove the nuts holding the wheels. While plaintiff was squatting in front of the wheels preparatory to removing the outside wheel, the tire and rim on the outside suddenly separated from the hub and struck plaintiff, causing serious injuries.

The outside tire was mounted on a split-rim which used an inner locking ring to secure the tire on the rim. The rim was mounted on the hub by five spokes connected to the wheel by lugs, which fitted against a bevel on the rim, and nuts fastened the lugs to the spokes. The inner wheel was mounted on the same spokes, separated from the outer by a spacer, and held secure by the same nuts. After the separation occurred the inner wheel, spacer, and the locking ring of the outer wheel were left on the spokes. New nuts were used when the tire was repaired later because the old ones were worn.

The rim in question was bisected transversely in order that the circumference might be decreased to facilitate the mounting of the tire. The edges of the split of the rim were worn and, in the opinion of an expert witness, the wear was caused by friction created by use. Other opinion evidence was to the effect that the wear would allow pressure from the tire tube to cause the two edges of the rim to slip, one over the other, at the point of intersection, thus decreasing the circumference, disengaging the locking ring, and causing the wheel to fly off the hub.

Plaintiff's employer, who was present at the time of the occurrence and was called as a witness for plaintiff, testified on cross-examination that he had been in the service station business for 40 years and was very familiar with the type of rim in question; that plaintiff had worked with him for about

three years prior to his injury and during that time had assisted in changing and repairing tires; that prior to the accident, he (the witness) inspected the tire and wheel to the extent that he knew the inflated tire was on a split rim but did not see "anything I thought was in any danger or doubt or anything like that happening."

Aaron Crouse (Crouse), owner of the defendant corporation, testified by deposition that the trailer was a 1949 model which defendant had owned about 18 to 24 months; that he had not inspected the rims, nuts, or lugs of the trailer other than to notice that the nuts were worn and would be difficult to remove. He had instructed the employees of defendant to replace the nuts as needed.

Plaintiff's claim is based upon the theory that defendant was negligent in that "[t]he wheels, rim, clamps and lugs on the rear of the trailer were old and worn, making them extremely dangerous to any persons changing the tires or being in front of the tire, all of which was known to the defendant, or in the exercise of due care should have been known, but the defendant used, kept, and maintained the vehicle in this condition and failed to give any notice or warning to the plaintiff whatsoever."

At the close of plaintiff's evidence, defendant's motion for directed verdict on the ground that plaintiff had failed to show actionable negligence was allowed and from judgment dismissing his action, plaintiff appeals.

*Walser, Brinkley, Walser & McGirt, by Charles H. McGirt and G. Thompson Miller, for plaintiff appellant.*

*Henson, Donahue & Elrod, by Perry C. Henson, Daniel W. Donahue, and Sammy R. Kirby for defendant appellee.*

BRITT, Judge.

[1] Plaintiff first assigns as error the exclusion of an answer of an expert witness to a hypothetical question propounded by plaintiff. The court explained that its ruling was based on the fact that there was no evidence that the condition of the wheel (rim), then in evidence, was the same as it was at the time of the accident some four years prior to the trial. The witness was allowed to answer for the record. Plaintiff rephrased his hypothetical and the witness was allowed to answer. As plaintiff now

contends, there was evidence that the conditions were the same; however, comparing the answers to the two questions, we find that they are substantially the same and this excluded fact was not crucial to the witness' answer. As plaintiff was able to establish what he sought on the first question, we can perceive no prejudice. The assignment of error is overruled.

[2] Plaintiff contends on his second assignment of error that there was sufficient evidence of actionable negligence to withstand defendant's motion for directed verdict and relies heavily on *Stroud v. Transportation Co.,* 215 N.C. 726, 3 S.E. 2d 297 (1939). The evidence in *Stroud* tended to show: The inside tire of dual wheels on a truck had lost air and employees of the defendant had stopped at a service station to reinflate the tire. The employees tried to do this themselves but were unable to do so because the tire tube had a short valve stem which defendant had installed in place of a long valve stem provided for the tube orignally. The proximity of the two wheels limited access to the shortened stem to such a degree that an 18 year old employee of the defendant, who had a smaller hand, offered his service. In so doing, his hand was mashed when the inside wheel flew loose. The evidence further showed that short valve stems were not as safe as the long ones and that defendant itself, in inflating tires on its trucks, used a long air hose chuck, or nozzle, as a safety device; that the truck had been driven eighteen or twenty miles with a slack tire on the inner wheel, and although presumably supported by the outer fully inflated tire, the supporting rim or flange of the inner tire may have been disarranged from its proper assemblage by bumping on irregularities in the road, this effect being more easily brought about on account of the increase of weight upon the inflated tire.

In *Stroud,* the Supreme Court held that plaintiff's evidence was sufficient to go to the jury; we quote from the opinion (page 729): "The defendant owed to this plaintiff the duty of refraining from subjecting him without warning to danger from a condition which was known to it, or could have been known by the exercise of due care, and 'there is a general duty owing to others of not injuring them by any agency set in operation by one's act or omission.' 45 C.J., p. 645; *Cashwell v. Bottling Works,* 174 N.C., 324, 93 S.E., 901."

We think *Stroud* is clearly distinguishable from the case at hand. Here, the only evidence that would tend to show notice to defendant of a dangerous condition was to the effect that

the exterior of the nuts holding the lugs was worn. But there was no showing that the worn nuts caused the accident or that a reasonable man would be led to believe that the rim would disengage if the lug nuts were worn. Testimony showed that the worn condition of the edges of the rim would not be noticed by the ordinary person. Crouse did not observe the condition and there is no evidence that defendant created the condition. Rather the evidence is to the effect that the condition would naturally occur from use.

We perceive no violation of any duty defendant owed plaintiff, therefore, the trial court properly allowed defendant's motion for directed verdict and the assignment of error relating thereto is overruled. The judgment appealed from is

Affirmed.

Judges PARKER and VAUGHN concur.