PAUL H. PEARCE v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY AND JOHN C. WARD, TRADING AND DOING BUSINESS AS JOHN'S PHONE BOOTH SERVICE COMPANY

No. 785SC455

(Filed 1 May 1979)

1. **Negligence § 49 — removal of phone booth — duty to remove carefully — breach of duty as jury question**

In an action to recover for injuries sustained when plaintiff tripped and fell over brackets embedded in cement adjacent to a sidewalk, the trial court erred in directing a verdict for the individual defendant who left the brackets in the cement when he removed a telephone booth, since defendant was under a duty to remove the booth in a careful and prudent manner so that other persons would not be injured by his acts in removing the booth, and whether he breached his duty by leaving the brackets, which were the same color as the sidewalk, without taking any measures to warn persons using the area that the brackets were present was a jury question.

2. **Negligence § 49; Telecommunications § 4 — removal of phone booth — removal by agent or independent contractor — summary judgment properly denied**

In an action to recover for injuries sustained when plaintiff tripped and fell over brackets left in a sidewalk after removal of a telephone booth, the trial court did not err in denying defendant telephone company's motion for summary judgment where a genuine issue of material fact existed as to whether the individual defendant, who actually removed the phone booth, was an independent contractor or an agent.

Pearce v. Telegraph Co.

**3. Evidence § 36.1— tripping over brackets in sidewalk—statements by agent— admissibility**

In an action to recover for injuries sustained when plaintiff tripped and fell over brackets left in a sidewalk after removal of a phone booth, statements made by an agent of defendant telephone company at the scene of the accident shortly after it occurred were properly admitted into evidence, since the declarations were relevant to the issues before the court; the agent arrived at the scene of the accident after a telephone call by plaintiff to defendant's office; and the brackets were removed while the agent was present.

**4. Telecommunications § 4— removal of phone booth—brackets left in sidewalk— notice to phone company—sufficiency of evidence of negligence**

In an action to recover for injuries sustained when plaintiff tripped and fell over brackets left in a sidewalk after removal of a phone booth, evidence was sufficient to take the case to the jury on the issue of defendant phone company's negligence unrelated to the negligence of the individual defendant who actually removed the booth where such evidence tended to show that defendant company had been put on notice that the brackets were still in the sidewalk after removal of the booth and that the brackets were dangerous, but defendant failed to remove them until after plaintiff was injured.

Judge VAUGHN dissenting.

APPEAL by plaintiff and defendant Southern Bell Telephone and Telegraph Company from *Smith (David I.), Judge*. Judgment entered 2 February 1978. Appeal by defendant Southern Bell Telephone and Telegraph Company from *Rouse, Judge*. Judgment entered 15 March 1977 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 27 February 1979.

On 27 May 1975, plaintiff filed his complaint against defendants seeking to recover damages for personal injury he received when he struck his right foot on a bracket left embedded in the cement adjacent to the sidewalk in Carolina Beach. The bracket had been placed there by defendant Southern Bell as an anchor for one of its telephone booths and had been left there by defendant John C. Ward when he removed the telephone booth some six months before the accident on instruction from defendant Southern Bell.

In its answer, Southern Bell denied its negligence, asserted that John Ward was acting as an independent contractor when he removed the telephone booth and left the brackets; therefore, Southern Bell was not responsible for his negligence. Southern Bell also alleged that plaintiff was contributorily negligent. In his answer, defendant Ward admitted removing the telephone booth

at the request of Southern Bell, denied negligence, and asserted contributory negligence on the part of plaintiff.

Southern Bell moved for summary judgment on the grounds that it was not liable as a matter of law for the negligence of John Ward, because he was acting as an independent contractor when he removed the phone booth, and such removal was not inherently or intrinsically dangerous as to impose liability on the part of Southern Bell. In support of its motion, Southern Bell filed an affidavit by John Ward stating that he removed the phone booth pursuant to his contract with Southern Bell for the maintenance of phone booths and that in performance of the work, he acted as an independent contractor, furnished his own tools, was not supervised by Southern Bell, and reported his income taxes as a self-employed person. The trial court denied Southern Bell's motion for summary judgment.

At trial, plaintiff's evidence tended to show that: on 4 July 1974, he was walking to a restaurant at Carolina Beach with his wife for lunch; he struck his right foot on a metal bracket adjacent to the sidewalk and fell; when he did so, he lacerated his toe and twisted his knee; the bracket was the same color as the sidewalk; he had trouble seeing the bracket even after he tripped over it and was looking for it; pursuant to a telephone call from plaintiff to Southern Bell, one Robert Rochelle, service foreman, came to the location of the accident in a short period. The brackets were moved by Southern Bell. Plaintiff was later treated by Dr. Weis and Dr. Hundley for his injuries.

Defendant's evidence tended to show that: John C. Ward maintains Southern Bell's phone booths pursuant to a contract with nothing stated about installing or removing phone booths; Ward has his own maintenance business and is not supervised by Southern Bell in his work; sometime prior to 4 July 1974, Southern Bell called Ward and asked him to remove a phone booth at the Battery Restaurant; Ward did not remove the brackets, because he had been told the removal of the booth was temporary; he heard nothing else about the brackets until the date of the accident in question.

At the close of all of the evidence, the court allowed John Ward's motion for a directed verdict and denied Southern Bell's motion for a directed verdict. The jury found negligence on the

part of Southern Bell, no contributory negligence on the part of plaintiff, and awarded him $15,000. Southern Bell appealed from the judgment, and plaintiff appealed from the directed verdict as to John C. Ward.

*Brown & Culbreth, by Stephen E. Culbreth, for plaintiff appellant.*

*Stevens, McGee, Morgan & Lennon, by Karl W. McGee and Henry V. Ward, Jr., for defendant Southern Bell Telephone and Telegraph Company, appellant, and defendant John C. Ward, appellee.*

ERWIN, Judge.

### Plaintiff's Appeal

Plaintiff's appeal presents one assignment of error: "Did the Court err in granting a directed verdict as to the defendant, John C. Ward, trading and doing business as, John's Phone Booth Service Company, at the close of all the evidence?" We answer, "Yes," and reverse the judgment entered.

On a motion by a defendant for a directed verdict under G.S. 1A-1, Rule 50(a), of the Rules of Civil Procedure, the court must consider the evidence in the light most favorable to the plaintiff and may grant such motion only, if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). Judge Campbell stated for this Court in *Adams v. Curtis*, 11 N.C. App. 696, 697, 182 S.E. 2d 223, 224 (1971):

> "[I]n determining the sufficiency of the evidence to go to the jury, all evidence which supports plaintiff's claim must be taken as true and viewed in the light most favorable to her, giving her the benefit of every reasonable inference which may legitimately be drawn therefrom, and with contradictions, conflicts and inconsistencies being resolved in her favor." (Citation omitted.)

Defendant Ward testified:

> "Well, any time you remove a phone booth and it is not going back, of course, you clean the area. I guess it is just

like anything else, if you could leave the brackets and just set the phone booth right back on them within a couple of days and they were working in there and they knowing they were there, it is not going to bother them and it is not protruding out onto the sidewalk; therefore, you wouldn't think that it would be a hazard to the public walking down there. So I cut it aloose from the brackets and left the brackets because within three days period I was supposed to went back and set it back on the brackets, but as it turned out, Mr. Seawell, or whatever his name is, they didn't get back into harmony about putting the phone booth back, and I didn't hear nothing else about it and being busy I didn't think nothing about the brackets because they were off the regular width of the widewalk there, sir."

Our Supreme Court, in *Insurance Co. v. Sprinkler Co.*, 266 N.C. 134, 140, 146 S.E. 2d 53, 60 (1966), stated with approval the rule found in 38 Am. Jur., Negligence, § 14, pp. 656-57 [now 57 Am. Jur. 2d, Negligence, § 39, p. 387]:

" '[T]he law imposes upon every person who undertakes the performance of an act which, it is apparent, if not done carefully, will be dangerous to other persons or the property of other persons, the duty to exercise his senses and intelligence to avoid injury, and he may be held accountable at law for an injury to person or to property which is directly attributable to a breach of such duty.' "

In *Honeycutt v. Bryan*, 240 N.C. 238, 240-41, 81 S.E. 2d 653, 655 (1954), Chief Justice Barnhill said:

"Whenever one person is by circumstances placed in such a position towards another that anyone of ordinary sense who thinks will at once recognize that if he does not use ordinary care and skill in his own conduct with regard to those circumstances, he will cause danger of injury to the person or property of the other, duty arises to use ordinary care and skill to avoid such danger. *Stroud v. Transportation Co.*, 215 N.C. 726, 3 S.E. 2d 297."

Plaintiff alleged that defendant Ward was negligent in the following respects:

"9. The defendant, John C. Ward, trading and doing business as John's Phone Booth Service Company, his agents and employees were negligent in that:

a. He failed to use due diligence in removing the public telephone booth from the premises hereinabove described in that the leaving of the metal anchors or brackets imbedded in the concrete on or immediately adjacent to the public sidewalk constituted a dangerous condition to persons using the premises.

b. He failed to warn the public of the dangerous condition existing when he knew or in the exercise of due care should have known that the dangerous condition existed and had been created by his actions in failing to remove the anchor bolts or brackets.

c. He failed to take adequate precautions to protect the general public from the work in progress on the premises hereinabove described when it was foreseeable that said work created a danger to the general public by leaving the anchors or brackets in place.

d. He failed to exercise reasonable diligence in the correction of the dangerous condition after he had notice of such danger when in the exercise of due care he knew or should have known that such a dangerous condition existed."

[1] There is no question that defendant removed the telephone booth and left the brackets standing near the sidewalk. The brackets were almost the color of the sidewalk making it difficult to see them standing in the concrete. Defendant did not take any measures to warn persons using the area that the brackets were present. Defendant had a duty imposed upon him by law to remove the booth in a careful and prudent manner so that other persons would not be injured by his acts in removing the booth. Whether or not the defendant breached his duty in this event was a jury question.

We hold that the evidence presented by the plaintiff was sufficient to overcome the Rule 50(a) motion of the defendant Ward.

Judgment reversed and remanded for a new trial as to defendant Ward.

### Defendant Southern Bell's Appeal

Defendant Southern Bell brings forward six arguments on appeal, contending that each of them amounts to error entitling it to a new trial. We find no error in the trial of defendant and hold that the trial court did not err in denying defendant's motion for summary judgment, directed verdict, and judgment notwithstanding the verdict.

[2]   Southern Bell was required to show that there was no genuine issue as to any material fact and that it was entitled to a judgment as a matter of law in order to prevail on a motion for summary judgment. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). Plaintiff alleged that the telephone booth and brackets in question were owned by Southern Bell and that its agents had been negligent in leaving the anchor brackets. Defendant answered, admitting it had placed the booth on the property, and by its amended answer, admitted that it had caused the booth to be removed by defendant Ward. Southern Bell then alleged that Ward was an independent contractor and offered his affidavit in support of its contentions. Plaintiff contended that whether Ward was, in fact, an independent contractor or an agent was a question for the jury. We note that the contract between Southern Bell and Ward does not refer to removal of telephone booths. Plaintiff's affidavit indicated that the brackets were removed by defendant Southern Bell after his injury. This raised a genuine issue as to a material fact, and summary judgment was properly denied.

[3]   After the accident in question, plaintiff called an operator at Southern Bell's office and reported his injury.

Plaintiff testified:

"I saw someone from Southern Bell that day; I believe the gentleman's name was Mr. Rochelle. It wasn't any longer than maybe an hour and a half from the time that I was injured until he was down there. He came into my shop.

Q. And what, if anything, did he say?

MR. WARD: Objection.

COURT: Overruled.

DEFENDANT'S EXCEPTION NO. 2

A. Well, while he was in the shop talking to me, they were taking the brackets off the sidewalk. It was two gentlemen with a sledge hammer and a chisel. It just all struck me as, really I had never seen that type of service on the 4th of July. It was just, 'too,' they were there within an hour and, 'too', through with tearing the brackets off the sidewalk. Mr. Rochelle came into the shop and he said, 'Mr. Pearce, I am sorry about —

MR. WARD: Objection.

COURT: Overruled. Go ahead.

DEFENDANT'S EXCEPTION NO. 3

. . .

A. 'I am really sorry about the accident. That this is negligence on our behalf. That someone from the phone company will contact you today and let you know what doctor to go to. I am not versed in the medical aspect of this. I am not sure exactly who our physicians are, but someone will contact you today and tell you exactly what physician to go to there will be no trouble about it. That we will take care of everything for you.' "

Defendant contends that the admission of these statements into evidence constituted prejudicial error. We do not agree.

In *Hubbard v. R. R.*, 203 N.C. 675, 678, 166 S.E. 802, 804 (1932), Chief Justice Stacy, speaking for the Court, said:

"It is the rule with us that what an agent or employee says relative to an act presently being done by him within the scope of his agency or employment, is admissible as a part of the *res gestae*, and may be offered in evidence, either for or against the principal or employer, but what the agent or employee says afterwards, and merely narrative of a past occurrence, though his agency or employment may continue as to other matters, or generally, is only hearsay and is not competent as against the principal or employer." (Citations omitted.)

We hold that the declarations in question made by R. W. Rochelle, agent of defendant Southern Bell, were properly admit-

ted into evidence. Plaintiff met fully the threefold test: (1) the admission must be relevant to the issue; (2) the agent must have been acting within the scope of his authority in making the admission; and (3) the transaction to which the admission relates must have been pending at the time when it was made. *Fanelty v. Jewelers*, 230 N.C. 694, 55 S.E. 2d 493 (1949). The declarations were relevant to the issues before the court; the agent answered the interrogatories submitted and verified the pleadings for defendant Southern Bell. R. W. Rochelle arrived at the scene of the accident after a telephone call by plaintiff to defendant's office. The brackets were removed while he was present. We overrule this assignment of error of defendant Southern Bell.

[4] We hold that the evidence in the case *sub judice* was ample to submit the case to the jury on defendant's negligence when the evidence is considered in the light most favorable to plaintiff. Plaintiff alleged as to Southern Bell:

> "They allowed a dangerous condition to exist with respect to the anchor bolts or brackets which were left imbedded in concrete on or immediately adjacent to the public sidewalk, when in the exercise of due care they knew or should have known that the brackets constituted a hazard to the public.

> \* \* \*

> They failed to exercise reasonable diligence in the removal of the dangerous condition after they had notice of such danger and after such condition had existed for a sufficient length of time that in the exercise of due care they knew or should have known that the condition existed.

> They failed to make a reasonable inspection of the premises to determine if the removal of the telephone booth had been correctly completed and that no danger to the general public had been created by said removal."

Witness Ted Seawell testified:

> "When we bought the property, I called the phone company and told them that we would not want to keep the booth there; so after a couple of conversations they came and removed it and put it around behind my building and wanted

to talk to me again. I made a request to the phone company to remove the clips, and the next time that the subject came up was after Mr. Pearce got hurt, and they did remove them after that. I notified them prior to that that I was afraid someone was going to be hurt."

To us, this was sufficient to take the case to the jury on the issue of negligence of the defendant unrelated to the negligence of defendant Ward.

Defendants presented request for special instructions in three areas of the law: (1) elements of the principal-independent contractor relationship as distinguished from the employer-employee relationship; (2) contributory negligence; and (3) damages. A directed verdict was entered in favor of defendant Ward; thus the first request for instruction was not required. The case went to the jury on the negligence of defendant Southern Bell.

The trial court instructed the jury on contributory negligence. Defendant does not complain on this charge.

A refusal of a requested instruction is not error where the instructions which are given fully and fairly present every phase of the controversy. *Clemons v. Lewis*, 23 N.C. App. 488, 209 S.E. 2d 291 (1974). Here, the court's charge related to plaintiff's evidence and the law of recovering damages for personal injury. The court charged:

"The plaintiff contends that he is entitled to recover substantial damages for personal injury. The defendant disagrees. I instruct you that if you reach this issue you are not to be governed by the amount of damages suggested by the parties or their attorneys, but you are to be governed exclusively by the evidence in the case and the rules of law I have given you with respect to the measure of damages. If you answer this issue in any amount, you should award such damages as you find from the evidence and by its greater weight is fair compensation for any damage the plaintiff has sustained or will sustain as a proximate result of the defendant's negligence. Your award must be fair and just. You should remember that you are not seeking to punish either party and you are not awarding or withholding anything on the basis of sympathy or pity."

Taking the charge as whole and in its entirety, we find no prejudicial error.

We find no error in the trial court's denial of defendant's motions for judgment notwithstanding the verdict and for a new trial.

In the trial, we find no prejudicial error as to Southern Bell.

In the trial of defendant John C. Ward, the judgment is reversed, and plaintiff is awarded a new trial.

Judge MARTIN (Harry C.) concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting.

There is some evidence of negligence to take the case to the jury as to Ward without regard to whether the jury should find him to have been acting as an employee of the telephone company or an independent contractor. I agree, therefore, that it was error to direct a verdict in his favor.

I conclude, however, that the defendant, Southern Bell, must also be awarded a new trial. In my opinion the judge, in substantially all crucial respects, failed to declare and explain the law arising on the evidence given in the case. For instance, if the jury had been properly instructed, it might well have found that the landowners' negligence, in allowing the dangerous condition to exist for so long after the booth was taken down, was the proximate cause of plaintiff's injury. I concede, however, that our opportunity to review the charge is substantially precluded by the absence of appropriate exceptions. Nevertheless, there is an exception to the court's error in failing to explain how Ward's status as an employee or independent contractor would affect Southern Bell's liability for his acts or omissions. That Ward was no longer a party to the lawsuit did not change the necessity for those instructions.