DOROTHY D. DYSON v. GARY B. STONESTREET AND DEOMALEE F. STONESTREET

No. 895SC573

(Filed 19 December 1989)

1. **Animals § 2.1 (NCI3d)— injury caused by dog—common law negligence—jury question**

    The trial court erred by granting a directed verdict for defendant Gary Stonestreet in a personal injury action in which plaintiff alleged that she had been injured when falling off her bicycle after defendant's unrestrained dog ran at her. The record is clear that the dog on this occasion did not obey defendant's command to stop or to come back and the record is not clear that the owner had reason to believe the dog would obey when faced with the stimulating enticement of a cyclist a few feet away on the street. The evidence was for the jury as to whether the owner knew or should have known from the dog's past conduct that the dog was likely if not restrained "to do an act from which a reasonable person in the position of the owner could foresee that an injury to the person or property of another would be likely to result."

    **Am Jur 2d, Animals §§ 86, 88, 94, 95.**

DYSON v. STONESTREET

[96 N.C. App. 564 (1989)]

2. **Animals § 3 (NCI3d) — injury caused by dog — violation of county ordinance as negligence per se — directed verdict for defendant improper**

The trial court erred by granting a directed verdict for defendant Gary Stonestreet on the issue of negligence per se in a personal injury action in which plaintiff alleged that defendant's dog knocked her over as she bicycled down the street in front of defendant's house. A New Hanover County ordinance provides that an owner may not permit his dog to run at large and specifically provides that a dog is under restraint if the dog is controlled by chain, leash or other device, or is sufficiently near the owner or handler to be under his/her direct control and is obedient to that person's commands. The evidence on record as to whether the dog was obedient and whether defendant was sufficiently near his dog to exercise direct control presents a jury question.

**Am Jur 2d, Animals §§ 86, 88, 94, 95.**

Judge PHILLIPS concurring.

Judge BECTON dissenting.

APPEAL by plaintiff from order entered 12 January 1989 by *Judge Napoleon B. Barefoot* in NEW HANOVER Superior Court. Heard in the Court of Appeals 13 November 1989.

*Thomas J. Morgan for plaintiff-appellant.*

*Murchison, Taylor, Kendrick, Gibson & Davenport, by Vaiden P. Kendrick, for defendant-appellee.*

GREENE, Judge.

In this civil action, plaintiff Dorothy D. Dyson filed an action against defendants Gary B. Stonestreet and Deomalee F. Stonestreet alleging that defendants' negligent failure to restrain their dog led to her personal injuries. At the close of all the evidence, the trial court granted defendant Gary Stonestreet's motion for a directed verdict. Plaintiff appeals.

The trial court also granted defendant Deomalee F. Stonestreet's motion for a directed verdict, but plaintiff does not appeal that order.

Plaintiff's evidence tends to show that on 30 May 1983, the defendant's dog knocked her over as she bicycled down the street

in front of the defendant's house, causing her injury. Just prior to that moment she saw the defendant hitting golf balls in his front yard with his dog standing nearby.

The defendant's evidence tends to show that, at the time of the incident, he stood approximately six feet from the paved portion of the street, and his dog stood between him and the street, approximately two feet from the street. Normally, the defendant kept the animal in a fenced pen, but on this occasion the dog was neither fenced nor leashed. The defendant testified that, in fact, his dog did not collide with plaintiff's bicycle.

The defendant provided further evidence tending to show that his dog had a gentle disposition, and had never attacked anyone. The defendant testified that the dog knew and responded to several commands even though the dog did not respond to the defendant's command to "stop" or "come back" during the incident at issue.

---

The ultimate issues presented are whether the plaintiff provided sufficient evidence to show either I) that defendant was negligent as a matter of common law; or II) that defendant was negligent per se because of his violation of a county ordinance requiring restraint of animals.

I

[1] The plaintiff argues she presented sufficient evidence of the defendant's common law liability for injuries caused by a dog to send the issue to the jury. To establish liability under the common law theory, the plaintiff must meet the following test:

> The test of the liability of the owner of the dog is . . . whether the owner should know from the dog's past conduct that he is likely, if not restrained, to do an act from which a reasonable person, in the position of the owner, could foresee that an injury to the person or property of another would be likely to result. That is, the liability of the owner depends upon his negligence in failing to confine or restrain the dog. The size, nature and habits of the dog, known to the owner, are all circumstances to be taken into account in determining whether the owner was negligent.

*Hunnicutt v. Lundberg*, 94 N.C. App. 210, 211, 379 S.E.2d 710, 711-12 (1989) (quoting *Sink v. Moore*, 267 N.C. 344, 350, 148 S.E.2d 265, 270 (1966) ).

Thus, we must determine whether the evidence, when viewed in the light most favorable to the plaintiff, would allow but one conclusion: that the defendant did not or should not have known that his dog would likely disobey his commands in the situation presented here. We note the record is clear that the dog on this occasion did not obey the defendant's command to "stop" or to "come back." Furthermore, the record is not clear that the owner had reason to believe his dog would obey when faced with the stimulating enticement of a cyclist a few feet away on the street. The defendant's evidence shows that his dog knew and responded to several commands, but it does not indicate the regularity or dependability of the dog's response. When asked what the defendant's experience was with how well his dog responded to commands, the defendant responded "I was well-pleased with the dog. He responded better than any dog I ever had." We do not find the evidence unequivocally requires but one conclusion. This evidence is for the jury—taking into account the credibility of the owner's testimony, the size, nature and habits of the dog, as known to the owner—as to whether the owner knew or should have known from the dog's past conduct that the dog was likely, if not restrained, "to do an act from which a reasonable person in the position of the owner, could foresee that an injury to the person or property of another would be likely to result."

## II

[2] The plaintiff also argues the trial court erred in granting the defendant's motion for a direct verdict since the evidence was sufficient to establish defendant's violation of a county ordinance. According to plaintiff, the defendant violated the New Hanover County Animals and Fowl Ordinance § 3-9(a), which violation, argues the plaintiff, would constitute negligence per se. The defendant responds that the facts alleged and proven cannot, as a matter of law, constitute a violation of that ordinance.

In determining whether defendant's motion for directed verdict was properly granted, evidence supporting plaintiff's claim, taken as true and viewed in the light most favorable to her, must be insufficient, as a matter of law, to justify a verdict for plaintiff. *Pearce v. Southern Bell Telephone & Telegraph Co.*, 41 N.C.

App. 62, 254 S.E.2d 243 (1979), *rev'd on other grounds*, 299 N.C. 64, 261 S.E.2d 176 (1980).

The New Hanover County ordinance provides in pertinent part as follows:

Sec. 3-9. Dogs running at large prohibited; fine.

(a) It shall be unlawful for any owner of a dog to permit said dog to run at large or be off the premises of its owner and not under the restraint of a competent person.

Sec. 3-4. Definitions. .

(c) At Large: Any animal shall be deemed to be at large when it is off the property of its owner and not under the restraint of a competent person.

(d) Restraint: An animal is under restraint within the meaning of this chapter if it is controlled by means of a chain, leash, or other like device; or is sufficiently near the owner or handler to be under his/her direct control and is obedient to that person's commands; or is on or within a vehicle being driven or parked; or is within a secure enclosure.

Sec. 3-21. Violations; misdemeanor.

Pursuant to state law, it is a misdemeanor punishable by a fine not to exceed fifty dollars ($50.00) or imprisonment not to exceed thirty (30) days to violate any provisions of this chapter, unless otherwise provided herein.

A violation of this ordinance would constitute negligence per se since the ordinance imposes a specific duty for the protection of others, and is actionable if a proximate cause of the injury. *Lutz Industries v. Dixie Home Stores*, 242 N.C. 332, 341, 88 S.E.2d 333, 339 (1955).

In determining whether the evidence, viewed in the light most favorable to plaintiff, supports a finding of defendant's violation of the ordinance, our inquiry is first guided by the statutory language. While Section 3-9(a) states that the owner may not permit his dog to run at large, we reject the plaintiff's argument that the defendant is negligent per se in every circumstance where the

dog runs at large. In some instances, as hereinafter described, it would be negligence per se for the dog to run at large.

The dog runs at large unless he is under restraint as that term is defined by the ordinance. Specifically, the ordinance provides that a dog is under restraint if either (1) the dog is controlled by chain, leash or other device, i.e., fence, or (2) the dog is "sufficiently near the owner or handler to be under his/her direct control and is obedient to that person's commands . . . ." In situations where the dog is restrained in a fence or on a leash and the dog escapes, liability is established on the part of the dog owner only if the plaintiff is able to prove consent on the part of the owner or some negligent conduct resulting in the escape of the dog. *See Gardner v. Black*, 217 N.C. 573, 576, 9 S.E.2d 10, 11 (1940). However, under the facts as in this case, where the owner is aware of and consents to the dog being outside a fence or not on a leash, the question for the jury is not whether the defendant was negligent, but rather, whether the dog was "sufficiently near the owner or handler to be under his/her direct control" *and* "obedient to [the owner's] commands." If the plaintiff, who has the burden of proof, is able to prove the negative of either of these propositions, the plaintiff has established negligence per se, and that negligence is actionable if the jury determines it to be a proximate cause of the plaintiff's injuries.

In this case, the plaintiff's evidence indicates the dog was disobedient on the day in question. While the defendant did not specifically testify that the dog was generally obedient, he did state that the dog had "responded better than any dog [he] ever had." The fact that the dog was not obedient on the occasion in question is not controlling on the issue of obediency, as obediency should be determined in a more general context. The evidence on record as to whether the dog was obedient presents a jury question. Likewise, the question of whether the defendant was sufficiently near his dog to exercise direct control is for the jury. Although the defendant's testimony indicated his dog was approximately four feet away at the time the plaintiff approached, we cannot, as a matter of law on this record, say this was or was not "sufficiently near" for the defendant to exercise control over the dog.

Accordingly, we determine the trial judge erred in directing a verdict for the defendant, and the case should be remanded to

the trial court for trial on both the issue of defendant's negligence as a matter of common law and defendant's negligence under the statute.

Reversed and remanded.

Judge PHILLIPS concurs.

Judge BECTON dissents.

Judge PHILLIPS concurring.

I concur in the foregoing opinion but am of the opinion that plaintiff's evidence also makes out a case of negligence *per se* against defendant appellee under Section 3-4(c) of the New Hanover County ordinance. For the evidence tends to show that when the dog injured plaintiff it was "at large" under the explicit provisions of that Section in that it was off of defendant appellee's property in the public street and not under his control.

Judge BECTON dissenting.

Believing that the evidence is insufficient to show that defendant breached the common law or a New Hanover County ordinance regarding animals running at large, I dissent.

Defendant's collie, Prince, was normally kept in a fenced-in backyard and was allowed out of that area only when he was in defendant's presence. There is no evidence that the dog had ever barked at anyone when he was outside the enclosed area, or had ever run at, bitten, or exhibited any vicious propensities toward any person. Indeed, the dog was trained to obey the commands "sit," "stay," "come here," and "lie down," and was further trained not to go into the street and not to go outside of defendant's property line unless attended.

First, regarding the common law negligence issue, I find no evidence that defendant knew or should have known of any dangerous or vicious propensities of his dog. Further, the dog did not snap at, jump on, or bite Ms. Dyson. Rather, the dog disobeyed defendant's command and ran toward Ms. Dyson, her husband, and their dog, causing Ms. Dyson to fall from her bicycle. I know of no reported case holding a dog owner liable under a common law

theory of negligence on as paltry a showing of viciousness as this case presents.

Second, I find no evidence to establish that defendant violated the New Hanover County ordinance, which provides that "it shall be unlawful for any owner of a dog to *permit* said dog to run at large or be off the premises of its owner and not under the restraint of a competent person" (emphasis added). Significantly, the ordinance does not say "It shall be unlawful for any dog to be off its owner's premises." Consequently, negligence or knowledge is required before liability can be imposed under the ordinance. *See Kelly v. Willis*, 238 N.C. 637, 78 S.E.2d 710 (1953) (owner must either knowingly or negligently allow livestock to roam at large before civil liability attaches). I find no evidence in this case that defendant knowingly or negligently permitted his dog to run at large or be off his premises. To the contrary, the evidence shows that the generally and reliably obedient dog was within four feet of defendant and was therefore under the restraint of a competent person within the meaning of the ordinance. The fact that the dog failed to heed its master and crossed the road toward another dog on one particular occasion, with no evidence of any prior disobedience, does not mean that the dog is not "obedient to the commands of its owner or handler."

Finding no breach of the common law nor the violation of the New Hanover County ordinance, I vote to affirm the action of the trial judge.