CATHERINE MARIE HOLDER, by her Guardian Ad Litem, LORAINE
HOLDER v. JERRY ANN MOORE

*    *    *

GEORGE A. HOLDER v. JERRY ANN MOORE

No. 7418SC292

(Filed 19 June 1974)

1. **Automobiles § 41— child alighting from school bus — duty of driver —
   instructions**

   In an action to recover for injuries to the minor child of plaintiff
   where the evidence tended to show that the child disembarked from a

Holder v. Moore

school bus on a four lane highway divided by a median and crossed three lanes of traffic and the median before being struck by defendant's vehicle, the trial court properly instructed that G.S. 20-217 imposed no duty to stop for a school bus under the facts of this case and correctly instructed that the presence of the school bus and its warning signals was merely another circumstance to consider in determining whether defendant acted as a reasonably prudent person.

2. **Automobiles § 63— duty of motorist to anticipate negligence — instructions**

In an action to recover for injuries to plaintiff's minor child sustained when she was struck by defendant's vehicle, the trial court properly instructed that a motorist is not required to anticipate negligence on the part of others but is entitled to assume that others will exercise due care to avoid injury to themselves.

APPEAL from *Kivett, Judge,* 4 September 1973 Session of GUILFORD County Superior Court. Argued in the Court of Appeals 7 May 1974.

These actions were instituted by the guardian ad litem of the minor plaintiff and the father of the minor plaintiff for personal injuries, medical expenses, and loss of earnings during minority.

The actions arose out of an automobile accident that occurred on U. S. Highway 29 seven and one-half miles north of Greensboro. Plaintiff, a 13-year-old seventh grade student, had disembarked from a school bus in the northbound lane of a divided highway, crossed the median, and was proceeding to cross the southbound lane when she was struck by defendant's car.

The uncontradicted evidence was that the highway in the vicinity of the accident was four lanes wide and separated by a median 35 to 37 feet wide. The median was covered with grass and sloped from each side to a point in the center that was approximately two feet below the level of the road. The scene of the accident was approximately 1,000 feet south of an overpass at Benaja Road. The overpass is on the crest of a hill, and from the crest of the hill there is an unobstructed view of the highway at the scene of the accident.

The evidence tended to show that the accident occurred during the daylight hours of 29 May 1969 and that the weather was clear and the pavement was dry. The bus driver stopped the bus in the northbound lane and turned on the blinking lights and activated his stop sign. Plaintiff got off the bus, crossed in

front of the bus and ran or walked very fast across the median. At the edge of the median in the inside southbound lane, three cars and a pickup truck had stopped. Plaintiff crossed in front of the first car stopped in the line, and defendant, overtaking the stopped cars in the outside lane, struck plaintiff, hurling her 25 to 30 feet in the air. There was conflicting evidence concerning whether plaintiff stopped and looked before attempting to cross the southbound lanes.

The speed limit on Highway 29 at this point was 60 miles per hour. There was no testimony that defendant was exceeding this posted limit. One witness estimated defendant's speed at 55 to 60 miles per hour, and other witnesses estimated it at a slightly lower speed. Defendant testified that she had been travelling at a speed of 50 miles per hour as she approached the top of the hill near the underpass and that three cars passed her at that point. When she crossed the top of the hill, she observed the same three cars stopped in the left lane. Defendant testified that she observed the school bus on the other side of the median, but it did not have its blinking lights on or its arm out. At that point she slowed down to a speed of 35 to 40 miles per hour. She first saw the plaintiff when she ran out in front of the lead car.

The case was submitted to the jury, which found for defendant. From the signing and entry of judgment, plaintiff appealed.

*Robert Cahoon and O'Connor and Speckhard, by Harry O'Connor and Donald D. Speckhard, for plaintiff appellant.*

*Frazier, Frazier and Mahler, by Harold C. Mahler and Spencer W. White, for defendant appellee.*

MORRIS, Judge.

Plaintiff contends that the trial court erred in its instruction by failing to instruct on the duty of care imposed on a motorist to avoid children when he sees or should see a parked school bus with its stop signals fully displayed. We do not agree. The record reveals that the trial court instructed the jury as follows:

"If the defendant could or should have been able to avoid the collision between her car and the child by acting and acting as a reasonably prudent person would have acted under the circumstances, and by reason of her failure to exercise that degree of care the injury to the child was

brought about, then that would constitute negligence on her, the defendant's part, if she failed to exercise that degree of care which a reasonable prudent person would have exercised at the time and place in question.

It is the duty of a motorist in regard to a child on or near the travelled portion of a highway to use proper care in respect to the speed and control of his or her vehicle, maintaining a vigilant lookout and to give timely warning to avoid injury, recognizing the likelihood of a child's acting upon childish impulse, such as running into or across the street or highway.

And he should take that fact into consideration and exercise the care and caution which the circumstances demand if the person either saw or should have seen the child in question or had been alerted to the fact that the child might be in the area.

The duty of a motorist in this respect applies not only to a child whom the motorist sees but also to a child whom the motorist should have seen in the exercise of reasonable vigilance since he or she is charged with seeing what he or she could and should have seen.

The rule of a prudent person applies. There are no degrees of care so far as fixing responsibility for negligence is concerned. . . .

The degree of care owed a child is proportionate to the accountability of a child in view of his or her age, maturity and intelligence to foresee and avoid the perils which may be encountered, if those perils are such as have become apparent to or should have been discovered by the operator of a motor vehicle in the exercise of ordinary care under all of the circumstances. . . .

Now, members of the jury, I instruct you—and this, again, is a summary from the General Statute on the books or in law in this State, Chapter 20, Section 217: Every person using the highways has a duty to stop for a stopped school bus engaged in receiving or discharging passengers therefrom and displaying its mechanical stop signal. And the duty not only is to stop but to remain stopped until that signal being emitted is withdrawn or until the bus has moved on, begun to move on; except that the driver of a

vehicle upon a highway which has been divided into two roadways, so constructed as to separate vehicular traffic between the two roadways by an intervening space, such as a median area, need not stop upon meeting or passing any such bus which has stopped in the roadway across such dividing space.

*So, I instruct you that there was no duty insofar as this statute is concerned for the defendant to stop on the southbound lane; except I instruct you that you may consider the evidence concerning a stopped school bus, if you find such to exist by the greater weight of the evidence, and you may, therefore, consider the evidence concerning the stopped school bus and the emitting therefrom of warning signals, if you find such, for the purpose of helping you ascertain and determine whether the defendant acted as a reasonable and prudent person on the date in question and at the time and place in question,* along with all of the other facts and circumstances that were in existence there that confronted the defendant as she was driving south on Highway 29." (Emphasis supplied.)

The trial court declined to give the following instructions requested by the plaintiff.

"[T]hat this is sufficient to constitute a danger signal and give the defendant driver notice that in all probability children were alighting from the school bus and would be on or near the highway as she passed, and placed the defendant driver under the legal duty of proceeding in such a manner and at such a speed as were reasonably calculated to enable her to avoid striking any child who might attempt to cross the highway. . . .

I further instruct you that a school bus while discharging or taking on school children is a warning of danger to automobile drivers. They are afforded by the school bus's very presence, knowledge that children may run across the road in front of their approaching automobile and that they must operate their automobiles with a degree of care consummate with the danger to be encountered . . . and that such increased duty of care upon a motorist under these circumstances may require the motorist to bring her automobile to a complete stop until the danger of injuring a child has passed."

[1] The gist of plaintiff's assignment of error is evidently that the mere presence of the school bus in the vicinity of the accident imposes a greater duty of care than the standard of the ordinary prudent man under like circumstances. The court was correct in its instruction that G.S. 20-217 imposes no duty to stop for a school bus under the facts of this case. There was conflicting evidence on the question of whether the bus lights and blinkers were on at the time of the accident. The trial court correctly instructed in effect that the presence of the school bus and its warning signals were merely another circumstance to consider in determining whether defendant acted as a reasonably prudent man.

[2] Error is likewise assigned to the following portion of the court's instruction:

> "I further instruct you that a motorist and also a pedestrian is not or are not required to anticipate negligence on the part of others, but in the absence of anything which gives or should give notice to the contrary, is entitled to assume and to act upon the assumption that every other person will exercise due care to avoid injury to himself or herself and others, and will perform his or her legal duty and obey the law."

We hold that this instruction was proper under the decision in *Burns v. Turner*, 21 N.C. App. 61, 203 S.E. 2d 328 (1974), where this Court said:

> "A motorist who sees children playing near the highway must drive carefully, keeping in mind that a child may suddenly run out into the road, but he is not an insurer of the safety of children near the highway. *Winters v. Burch*, 284 N.C. 205, 200 S.E. 2d 55." *Id.*, at 63.

[1] There is no merit to plaintiff's assignment of error to the court's instruction on the effect of G.S. 20-217. As we have stated, this statute imposes no duty on a motorist to stop for a stopped school bus across the median from him on a divided highway. Plaintiff contends that this instruction was prejudicial in that it could lead the jury into believing that under no circumstances would defendant have been required to bring his vehicle to a complete stop. Such is not the effect of this portion of the court's instruction. The lengthy portions of the charge which we have hereinabove quoted could leave no doubt in the jurors' minds that defendant was required to exercise whatever

---

---

degree of care the circumstances dictated in order to avoid a collision between herself and plaintiff.

We cannot sustain plaintiffs' contention that they were entitled to a mistrial on the ground that counsel for defendant asked the bus driver whether plaintiffs had .made a claim against him based on this accident. The evidence was properly excluded on counsel's objection, and plaintiffs could not have been prejudiced.

No error.

Judges CAMPBELL and VAUGHN concur.