RUTH ELIZABETH SINK v. BROOKS GRAY SINK

No. 7121DC379

(Filed 23 June 1971)

1. **Rules of Civil Procedure § 50— motion for directed verdict — question presented**

The motion for a directed verdict in a jury trial presents the question whether the evidence, when considered in the light most favorable to the party against whom the motion is made, was sufficient for submission to the jury.

2. **Rules of Civil Procedure § 50; Appeal and Error § 59— motion for directed verdict — scope of appellate review**

In passing upon the sufficiency of plaintiff's evidence to withstand defendant's motion for a directed verdict, the appellate court must look to the evidence and base decision thereon without regard to the trial court's "Findings of Fact" and "Conclusions of Law."

APPEAL by plaintiff from *Henderson, District Judge,* 15 February 1971 Session of District Court held in FORSYTH County.

Plaintiff wife sued defendant husband, seeking a divorce from bed and board, custody of their youngest child, support for the child, alimony, counsel fees, and other relief. She alleged abandonment, failure to provide adequate support, and various indignities to her person committed by defendant without provocation on her part. Defendant husband filed answer denying misconduct on his part, and in a further answer and counterclaim alleged various indignities to his person committed by the wife without provocation on his part. Defendant prayed for a divorce from bed and board, custody of the child, and other relief. At the close of the evidence the court directed verdict for defendant on plaintiff's action for divorce from bed and board and directed verdict for plaintiff on defendant's counterclaim. Plaintiff appealed.

*Surratt & Early, by James H. Early, Jr., for plaintiff appellant.*

*James J. Booker for defendant appellee.*

PARKER, Judge.

[1, 2] In the judgment appealed from the trial judge made findings of fact. The motion for a directed verdict in a jury

trial presents the question whether the evidence, when considered in the light most favorable to the party against whom the motion is made, was sufficient for submission to the jury. "In resolving this question, it was not required or appropriate that the trial court make 'Findings of Fact' and state 'Conclusions of Law.' To pass upon the single question of law presented, namely, the sufficiency of plaintiff's evidence to withstand defendant's motion for a directed verdict, we must look to the evidence and base decision thereon without regard to the trial court's 'Findings of Fact' and 'Conclusions of Law.' " *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396.

Review of the record in the present case reveals that the evidence, when considered in the light most favorable to the plaintiff, was sufficient to require that the case be submitted to the jury on her action for divorce from bed and board. It may well be, as defendant's attorney states in his brief on this appeal, that "a steady job, less temper tantrums, and the adoption of the Golden Rule would appear to be in order in this cause, rather than further litigation." However, until the parties themselves bring those desirable elements into the matter, they are entitled to have their cause tried in accordance with established procedures. There being sufficient evidence to require submission of plaintiff's action for divorce from bed and board to the jury, the judgment directing verdict against her in that cause is

Reversed.

Chief Judge MALLARD and Judge VAUGHN concur.