EDITH A. ADAMS, PLAINTIFF V. RONALD PAUL CURTIS AND GERALD A. CURTIS, DEFENDANTS AND THIRD-PARTY PLAINTIFF, AND EDDIE L. ADAMS, THIRD-PARTY DEFENDANT

No. 714DC386

(Filed 14 July 1971)

Automobiles § 50— automobile accident — directed verdict — sufficiency of evidence — negligence of defendant

Plaintiff's evidence which showed only that his automobile was struck by defendant's automobile in an intersection, without any evidence to show that the defendant was negligent, is insufficient to survive defendant's motions for directed verdict and for judgment notwithstanding the verdict.

APPEAL by defendant from *Lanier, District Court Judge,* 1 February 1971 Session of ONSLOW County, the General Court of Justice, District Court Division.

Plaintiff instituted this action seeking to recover damages for personal injuries sustained in an automobile accident allegedly caused by the negligence of defendant Ronald Paul Curtis as operator of a family purpose automobile owned by defendant Gerald A. Curtis. Defendants denied all allegations of negligence and impleaded Eddie L. Adams as a third-party defendant alleging that if defendants are found to have been negligent then third-party defendant Adams was also negligent in the operation of the vehicle in which plaintiff was a passenger.

Evidence for plaintiff tended to show that she was a passenger in an automobile driven by her husband, Eddie L. Adams, who was proceeding down Highway 24 from Jacksonville. They approached the intersection of Highway 24 and Holcomb Boulevard where a traffic light was flashing. Mr. Adams stopped and then proceeded through the intersection and was struck in the right side by defendant Ronald Paul Curtis' automobile.

At the conclusion of plaintiff's evidence, the trial judge dismissed the action as against defendant Gerald A. Curtis.

Defendant's evidence was to the effect that he slowed down as he approached the intersection. The traffic light was flashing yellow for him and red for Adams. Defendant observed the Adams' car braking or slowing down. He was approximately a car length away from them and started to proceed through the intersection when the Adams' car came on through the intersection. Defendant put on his brakes and had almost stopped when the collision occurred.

The jury returned a verdict finding that plaintiff was injured by the negligence of defendant; that the negligence of the third-party defendant, Eddie L. Adams, contributed to the injuries sustained by the plaintiff; and that plaintiff is entitled to recover $4,500.00 in damages. Defendant appealed.

*Ellis, Hooper, Warlick and Waters by William J. Morgan and John D. Warlick, Jr., for plaintiff appellee.*

*Joseph C. Olschner for defendant appellant.*

CAMPBELL, Judge.

Defendant assigns as error the failure of the trial judge to grant his motions for directed verdict and judgment notwithstanding the verdict. Both of these motions test the sufficiency of the evidence to go to the jury and the same test applies for each. *Maness v. Construction Co.,* 10 N.C. App. 592, 179 S.E. 2d 816 (1971). In determining the sufficiency of the evidence to go to the jury, all evidence which supports plaintiff's claim must be taken as true and viewed in the light most favorable to her, giving her the benefit of every reasonable inference which may legitimately be drawn therefrom, and with contradictions, conflicts and inconsistencies being resolved in her favor. *Musgrave v. Savings & Loan Assoc.,* 8 N.C. App. 385, 174 S.E. 2d 820 (1970). Viewing the evidence in this light, we are of the opinion that the evidence was insufficient to go to the jury and the trial judge erred in denying defendant's motions.

Plaintiff and her husband were the only witnesses to testify for her as to the accident itself. Eddie L. Adams, plaintiff's husband, testified:

"I drove up to the intersection. I stopped and then I started off and he comes from the Main Gate. A man by the name of Curtis was driving the other car and he hit me."

Plaintiff then introduced a diagram of the accident scene and, with the use of the diagram, Mr. Adams pointed out the positions of both vehicles at the time of impact, showing the front portion of his vehicle to be through the intersection in the right-hand, eastbound lane and the rear portion to be in the east side of the intersection. Mr. Adams stated that the Curtis vehicle was in the right-hand, northbound lane and that only the front of this vehicle had entered the intersection when it struck the right rear of the Adams car.

Mr. Adams then testified further:

"I was in the right lane and after I stopped, I proceeded on and was struck by a 1964 Chrysler automobile. After my car was struck, it turned around two or three times and then stopped.

. . .

As I proceeded down Highway 24, I could see the Guard Shack and traffic coming out on Holcomb Boulevard. I had a clear, unobstructed view of the traffic coming down this road. I have been traveling this area for 27 years. I am unable to estimate the distance from the intersection back to the Guard Shack on Holcomb Boulevard. I am unable to estimate distances. When I brought my car to a complete stop, I don't know how far the other car was from the intersection. I know that the traffic lights were flashing yellow for me and Mr. Curtis, therefore, I stopped. There is not any speed limit at this particular area, but I was traveling 15 to 20 miles per hour when I arrived at the intersection. . . .

The front of my car was out of the intersection and beyond the red light before I was struck."

Plaintiff, herself, stated:

" . . . When I arrived at the intersection in front of the Main Gate I was involved in a collision. I was going east on Highway 24 towards Swansboro, and the other car was a 1964 Chrysler which was coming from the Main Gate on Holcomb Boulevard. It was not dark at the time of the accident. My husband, Eddie, when he arrived at the intersection, all four wheels stopped and he looked in all directions and as he pulled out and got almost across the

intersection, he was struck from the right-hand side by Curtis, and I was thrown all around the car and hurt my neck and back."

Plaintiff's evidence, taken in the light most favorable to plaintiff, shows only that an accident occurred. No act of negligence on the part of defendant is shown by the testimony and the mere fact that an accident occurred is not enough to infer negligence. Defendant's motions for directed verdict and judgment notwithstanding the verdict should have been allowed. The judgment of the trial court is reversed with instructions to enter judgment for defendant.

Reversed.

Chief Judge MALLARD and Judge HEDRICK concur.