WALTER H. BRAY, ADMINISTRATOR OF THE ESTATE OF CARLA WHITFORD BRAY v. LUBY WALLACE DAIL

No. 738SC790

(Filed 9 January 1974)

**Automobiles § 63— striking child — sufficiency of evidence of negligence**

In an action to recover for the wrongful death of a 10-year-old child struck by defendant's motorcycle, plaintiff's evidence was sufficient to be submitted to the jury on the issue of defendant's negligence in failing to keep a proper lookout or in failing to use proper care with respect to speed or control of his motorcycle where it tended to show that defendant passed a car which was traveling at the speed limit of 35 mph, that the driver of the car saw the children ahead during the time or right after defendant passed and followed defendant about a block before the accident, that decedent went into the road to pick up a hoola hoop, that defendant saw her about 50 feet away and began applying brakes, that defendant blew his horn when the child bent down to pick up the hoola hoop, that the child was struck about a foot to the right of the center line in defendant's lane of travel, that no marks were left by his tires, and that defendant's motorcycle came to rest 172 feet from the point of the collision.

APPEAL by plaintiff from *Lanier, Judge,* Special Civil Session, Superior Court, LENOIR County.

Plaintiff's intestate, a 10-year-old girl, was killed when she was struck by a motorcycle operated by defendant. At the end of plaintiff's evidence, defendant's motion for directed verdict was granted. Plaintiff appealed.

*Donald P. Brock and Gerrans and Spence, by William D. Spence, for plaintiff appellant.*

*Jeffress, Hodges, Morris and Rochelle, by Thomas H. Morris, for defendant appellee.*

MORRIS, Judge.

The single question presented by this appeal is whether, when considered in the light most favorable to the plaintiff, the evidence is sufficient for submission to the jury. *Kelly v. International Harvester Company,* 278 N.C. 153, 179 S.E. 2d 396 (1971); *Sink v. Sink,* 11 N.C. App. 549, 181 S.E. 2d 721 (1971).

In determining the sufficiency of the evidence to go to the jury, all evidence which supports plaintiff's claim must be taken as true and considered in the light most favorable to plaintiff, giving him the benefit of every reasonable inference which may be legitimately drawn therefrom, and with contradictions, conflicts and inconsistencies resolved in plaintiff's favor. *Adams v. Curtis,* 11 N.C. App. 696, 182 S.E. 2d 223 (1971).

Plaintiff's evidence, in its light most favorable to him, when subjected to the foregoing rules, would permit the jury to find the following facts:

At the time of the accident, defendant had travelled the road frequently going back and forth to his work. He was familiar with the area and knew that it was residential and there were houses on both sides of the road. He passed a car which was travelling "the speed limit" which was 35 miles per hour, and the driver of the car "saw the children during the time or right after he passed me. Anyway, I know I looked up ahead and that's when I saw the children. It might have been while he was passing or right after he passed me." She followed him maybe a block right before the accident "about two or three seconds, something like that." She saw the motorcycle hit the child. The child had gone out in the road to pick up a hoola hoop. Defendant saw her about 50 feet away and began applying brakes. No marks were left by his tires. The child was struck about one foot or one and one half feet to the right of the center line in defendant's lane of travel. Defendant blew his horn when the child bent down to pick up the hoola hoop. From the point where blood was found on the highway to where defendant's motorcycle came to rest was a distance of 172 feet.

We think the question of defendant's negligence is a question for the jury.

In *Wainwright v. Miller,* 259 N.C. 379, 381, 130 S.E. 2d 652 (1963), a case very similar factually to the one before us, Justice Sharp said:

> "The duty the law imposes upon a motorist who sees, or by the exercise of reasonable care should see, children on or near the highway has been frequently declared by this Court. He must recognize that children have less discretion than adults and may run out into the street in front of his approaching automobile unmindful of the danger. Therefore, proper care requires a motorist to maintain a vigilant lookout, to give a timely warning of his approach, and to drive at such speed and in such a manner that he can control his vehicle if a child in obedience to a childish impulse, attempts to cross the street in front of his approaching automobile. *Sparks v. Willis,* 228 N.C. 25, 44 S.E. 2d 343; *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488; *Walker v. Byrd,* 258 N.C. 62, 127 S.E. 2d 781." *Id.* at 381.

Under the evidence in this case the jury might reasonably have found that defendant failed to see plaintiff's intestate and to blow his horn in time when, in the exercise of a proper lookout and proper care he would have done both; or that he did see the child but ignored the possibility that she might run into the road to pick up the hoola hoop, and did not use proper care with respect to speed or control of his motorcycle; and that the omission of duty proximately caused the death of plaintiff's intestate.

We are of the opinion that the evidence presented was sufficient to withstand the motion for directed verdict.

New trial.

Judges HEDRICK and BALEY concur.