CHARLES BURNS v. WILLIE FRENCH TURNER AND WILLIE EARL TURNER

No. 7416SC33

(Filed 6 March 1974)

**Automobiles § 63— striking child — insufficient evidence of negligence**

Plaintiff's evidence was insufficient to be submitted to the jury on the issue of defendant's negligence in striking a 6-year-old child where it tended to show that as defendant drove west on a highway he could not see the child on the south shoulder because of an approaching eastbound car, that defendant was traveling 42 mph in a 45 mph zone, that defendant did see another child who was on the north shoulder, that immediately after the approaching car passed the child, he darted into the highway in front of defendant's car, and that as soon as defendant saw the child he unsuccessfully attempted to prevent a collision by swerving and applying his brakes.

APPEAL by plaintiff from *McLelland, Judge,* 14 May 1973 Session of Superior Court held in ROBESON County.

Plaintiff brought this action to recover medical expenses which he had incurred for the treatment of his six-year-old son, Philip Burns. His son was seriously injured on 30 May 1970 when struck by an automobile owned by defendant Willie French Turner and operated by defendant Willie Earl Turner. The complaint alleged that the accident was caused by the negligence of Willie Earl Turner while acting as the agent of Willie French Turner.

At the close of the evidence for the plaintiff, defendants moved for a directed verdict. The motion was granted, and plaintiff appealed.

*Johnson, Hedgpeth, Biggs & Campbell, by John Wishart Campbell, for plaintiff appellant.*

*Page, Floyd & Britt, by W. Earl Britt, for defendant appellees.*

BALEY, Judge.

This appeal involves a single issue: whether the trial court erred in granting defendants' motion for a directed verdict.

When the defendant moves for a directed verdict, the evidence must be considered in the light most favorable to the plaintiff. All contradictions and inconsistencies must be resolved in plaintiff's favor. *Summey v. Cauthen,* 283 N.C. 640, 197 S.E. 2d 549; *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47; *Waycaster v. Sparks,* 267 N.C. 87, 147 S.E. 2d 535. But even when viewed in this favorable perspective, plaintiff's evidence does not show that defendants were in any way negligent.

The only evidence offered by the plaintiff concerning the accident was the testimony of the defendant Willie Earl Turner (hereinafter referred to as Turner), who was called as a witness for plaintiff, and the testimony of plaintiff's son, Philip Burns, and his companion, Steven Boyette. Turner testified that on 30 May 1970 he was driving west on N. C. Highway 211 between Lumberton and Red Springs. He was traveling at a speed of 42 miles per hour in a 45-mile zone. He saw an automobile approaching in the eastbound lane, and at about the same time he saw a child playing near the north shoulder of the highway. He did not see any child on the south side of the road. When the eastbound car passed by, Turner suddenly saw Philip Burns directly in front of him, about thirty feet away, running across the highway from south to north. Turner applied his brakes and swerved to the right, but he was unable to avoid striking Philip.

Philip Burns testified that on May 30 he was hunting crickets with Steven Boyette, an older boy who lived next door. They were on the north side of Highway 211. Philip crossed over to the south side of the highway, chasing his dogs, and then turned around to return to the north side. He waited for a car to pass by in the eastbound lane, and then he started across the highway. At that point Philip said: "When it [eastbound car] passed, I ran across and got hit. . . . It was in the lane of traffic nearest to where I was standing. . . . When it passed is when I went out. . . . Just after the car passed me I started to run across the road. . . . " While he was crossing, Turner's car hit him.

Steven Boyette corroborated the testimony of Philip. He said he saw Philip standing on the south shoulder waiting to

cross over to the north side again, but Steven did not actually see the collision occur.

All of this evidence indicates that the injuries to Philip Burns were not caused by the negligence of Turner. When Philip started to cross Highway 211, Turner could not see him, because the approaching eastbound car hid him from view. When the eastbound car passed and Philip became visible, Turner did not have sufficient time to avoid a collision.

A motorist who sees children playing near the highway must drive carefully, keeping in mind that a child may suddenly run out into the road, but he is not an insurer of the safety of children near the highway. *Winters v. Burch,* 284 N.C. 205, 200 S.E. 2d 55. In this case the evidence shows that after Turner saw Steven Boyette playing near the north shoulder of Highway 211, he continued to drive in a careful and prudent manner. He proceeded at a lawful rate of speed in his proper lane of the highway, and as soon as he saw Philip he unsuccessfully attempted to prevent a collision by swerving and applying the brakes. In a number of cases the courts have held that a driver is not negligent when he strikes a pedestrian who suddenly darts out into the highway. *Brewer v. Green,* 254 N.C. 615, 119 S.E. 2d 610; *Brinson v. Mabry,* 251 N.C. 435, 111 S.E. 2d 540; *Westbrook v. Robinson,* 11 N.C. App. 315, 181 S.E. 2d 231.

Since there is no evidence that Turner drove in a negligent manner, defendants' motion for a directed verdict was properly granted. The judgment of the Superior Court is affirmed.

Affirmed.

Judges CAMPBELL and HEDRICK concur.