WILBUR RAY OLIVER, MINOR, BY HIS GUARDIAN AD LITEM, IDA MAE
OLIVER v. WILLIE B. ROYALL AND VIOLA G. ROYALL

No. 778SC399

(Filed 2 May 1978)

**Automobiles § 69— striking minor bicyclist—directed verdict for automobile driver
proper**

> In an action to recover damages for personal injuries suffered by the
> minor plaintiff when he was struck, while riding a bicycle, by defendants' vehi-
> cle, the trial court properly allowed defendants' motion for a directed verdict
> where the evidence, which consisted only of the testimony by defendant
> driver, tended to show that defendant slowed his speed to 20 mph and sounded
> his horn before he reached the child; the child darted into the path of defend-
> ant's vehicle; and there was no showing that defendant, with the exercise of
> reasonable care under the circumstances, could have avoided the accident.

APPEAL by plaintiff from *Graham, Judge.* Judgment entered
3 March 1977 in Superior Court, WAYNE County. Heard in the
Court of Appeals 28 February 1978.

The minor plaintiff, Wilbur Ray Oliver, filed this action
against the defendants, Willie B. Royall and Viola G. Royall, by
his guardian ad litem. He alleged that he was injured, while
riding a bicycle, due to the negligent operation of a motor vehicle
by the defendant, Willie B. Royall. The defendants' answer denied
negligence and alleged contributory negligence. At the conclusion
of the plaintiff's evidence, the trial court allowed the defendants'
motion for a directed verdict in their favor on the ground of
failure of proof, and the plaintiff appealed.

Other pertinent facts will be hereinafter set forth.

*Cecil P. Merritt for plaintiff appellant.*

*Taylor, Warren, Kerr & Walker, by Robert D. Walker, Jr.
and Gordon C. Woodruff, for defendant appellee.*

MITCHELL, Judge.

The sole question for review is whether the trial court erred
in directing a verdict for the defendants, at the conclusion of the
plaintiff's evidence, pursuant to G.S. 1A-1, Rule 50. Motions pur-
suant to this rule are directed to the sufficiency of the evidence

to justify a verdict for the plaintiff when considered in the light most favorable to him. *Evans v. Carney*, 29 N.C. App. 611, 225 S.E. 2d 157 (1976). *Bray v. Dail*, 20 N.C. App. 442, 201 S.E. 2d 591 (1974). To determine the sufficiency of the evidence to go to the jury, all evidence supporting the plaintiff's claim must be taken as true and considered in the light most favorable to the plaintiff, giving him the benefit of every reasonable inference which may be legitimately drawn therefrom, with contrasts, contradictions, conflicts and inconsistencies resolved in the plaintiff's favor. *Bray v. Dail*, 20 N.C. App. 442, 201 S.E. 2d 591 (1974); *Adams v. Curtis*, 11 N.C. App. 696, 182 S.E. 2d 223 (1971).

Given these rules as to the determination of sufficiency, the plaintiff's evidence would permit the jury to find the following facts:

The plaintiff minor child was moderately mentally retarded and fourteen years old at the time of the accident on 22 June 1974. He was not permitted to ride a bicycle in the streets and did not own a bicycle. He was hard of hearing, afraid of automobiles, and could not read.

On 22 June 1974, he was riding a bicycle on Hillsboro Street in Mount Olive, North Carolina. He was traveling east and on the north edge of the pavement.

The defendant, having "just taken off from a stop sign at Hillsboro and Church Streets," was driving east on Hillsboro Street on the south side of the pavement. The car driven by him belonged to his wife, Viola G. Royall, who was also made a party defendant in this action. The intersection of Hillsboro and Church Street is about two hundred fifty feet from the point where the accident occurred. The defendant was aware of a child on a bicycle riding on the left side of the road and slowed down. He saw the child approximately fifty to one hundred feet ahead. The child had his back to the defendant and did not look back. As he came upon the child, the defendant was moving at approximately twenty miles per hour. When the defendant came to within a car length of the bicycle, about twenty feet, he sounded his horn and slowed down. As soon as the horn sounded, the child suddenly swerved to his right into the path of the automobile.

The child's bicycle and body were struck by the left front of the car. The bicycle tires were partially under the front of the car, but the child was lying several feet in front of the car. The car, the bicycle, and the child were then on the right side of the street, but there was no center line. The car was on the paved portion of the street, and there was no evidence as to the existence of skid marks. The car was dented on its left front.

The minor plaintiff suffered a broken leg and a skull fracture. He was later placed in a body cast and some of his teeth had to be removed.

Hillsboro Street is paved with asphalt, is twenty-two feet wide and has a thirty-five mile per hour speed limit. It is flat and straight and runs through a residential neighborhood. There are houses on both sides and trees in the yards.

Traffic is permitted in both directions, but there were no other vehicles on the street when the collision occurred. The accident occurred during daylight hours at approximately 8:30 p.m.

The plaintiff contends that clear inferences of negligence arise from the evidence as to the defendant's conduct, and that the case should have gone to the jury. We do not agree.

The only direct evidence concerning the accident was the testimony of the defendant, Willie B. Royall, who was called by the plaintiff as an adverse witness. Therefore, all the evidence as to the details of the accident came from the defendant.

The plaintiff urges that the horn, if blown, should have been blown earlier and that, at the time it was sounded, it may have created a hazard by startling the child. Plaintiff further argues that passing to the right gives rise to an inference of negligence, as does passing from the rear without a timely warning. These arguments, if accepted as correct, lead us at best into sheer speculation and conjecture as to the causation of the child's actions, what his actions might have been had the facts been different, and what a timely warning would have been under the circumstances. The plaintiff's argument that passing to the right was negligence per se is clearly without merit since the statute, G.S. 20-150.1, and case cited, *Teachy v. Woolard*, 16 N.C. App. 249, 191 S.E. 2d 903, *cert. denied* 282 N.C. 430, 192 S.E. 2d 840 (1972),

deal with passing other vehicles proceeding in the same direction and in the same lane of traffic.

The facts here show only that an accident occurred. The mere fact that an accident occurred is not enough to infer negligence. *Winters v. Burch*, 284 N.C. 205, 200 S.E. 2d 55 (1973); *Burns v. Turner*, 21 N.C. App. 61, 203 S.E. 2d 328 (1974); *Adams v. Curtis*, 11 N.C. App. 696, 182 S.E. 2d 223 (1971).

We recognize the rule that a driver who sees children on the traveled portion of a highway has a duty to use due care to control the speed of his vehicle and to vigilantly seek to avoid their injury. *Winters v. Burch*, 284 N.C. 205, 200 S.E. 2d 55 (1973); *Brinson v. Mabry*, 251 N.C. 435, 111 S.E. 2d 540 (1959). However, a motorist is not required to come to a complete stop when there is nothing to give him notice that a child may dart into the path of his vehicle. *Brinson v. Mabry, supra. See Winters v. Burch*, 284 N.C. 205, 200 S.E. 2d 55 (1973); *see also Fox v. Barlow*, 206 N.C. 66, 173 S.E. 43 (1934); *and see Burns v. Turner*, 21 N.C. App. 61, 203 S.E. 2d 328 (1974).

There is no presumption of actionable negligence when a motorist strikes or injures a child who darts into the path of his vehicle. There must be evidence that, with the exercise of reasonable care under the circumstances, the motorist could have avoided the accident. *Winters v. Burch*, 284 N.C. 205, 200 S.E. 2d 55 (1973); *Daniels v. Johnson*, 25 N.C. App. 68, 212 S.E. 2d 245 (1975); *Burns v. Turner*, 21 N.C. App. 61, 203 S.E. 2d 328 (1974).

The plaintiff, to overcome a motion for a directed verdict, is required to offer evidence sufficient to establish, beyond mere speculation or conjecture, every essential element of negligence. Upon his failure to do so, a motion for a directed verdict is properly granted. *Mills v. Moore*, 219 N.C. 25, 12 S.E. 2d 661 (1941); *Ingold v. Carolina Power & Light Co.*, 11 N.C. App. 253, 181 S.E. 2d 173 (1971). *See Winters v. Burch*, 284 N.C. 205, 200 S.E. 2d 55 (1973); *see also Burns v. Turner*, 21 N.C. App. 61, 203 S.E. 2d 328 (1974). We hold that, under any reasonable construction of these facts, the plaintiff has not met his burden in this regard. The directed verdict for the defendants was proper and is

Affirmed.

Judges MORRIS and CLARK concur.