EVELYN B. LYVERE, PLAINTIFF APPELLANT v. INGLES MARKETS, INC., DEFENDANT APPELLEE

No. 7728SC503

(Filed 6 June 1978)

**1. Negligence § 57.11 — rug blown by wind — fall of invitee — no negligence**

In an action to recover for injuries sustained by plaintiff in a fall in defendant's grocery store which occurred when a gust of wind blew open the

doors of the store, blew a rug ten feet across the floor and wrapped the rug around plaintiff's legs, evidence was insufficient to be submitted to the jury, since the action of the wind in blowing the rug ten feet across the floor was not reasonably foreseeable, and since plaintiff was aware of the presence of the rug and of the fact that the wind had previously lifted a corner of the rug and tripped another person.

**2. Negligence § 56— fall of invitee—evidence of conditions nine months later— evidence properly excluded**

In an action to recover for injuries sustained by plaintiff in defendant's grocery store when she tripped over a rug, it was within the discretion of the trial court to exclude evidence which would have tended to show the existence of similar conditions existing more than nine months subsequent to her accident.

APPEAL by plaintiff from *Jackson, Judge.* Judgment entered 6 April 1977 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 10 March 1978.

The plaintiff filed this action for damages due to personal injuries sustained in a fall in defendant's grocery store allegedly resulting from defendant's negligence. Defendant answered denying negligence and averring contributory negligence.

Additionally, defendant alleged that, if facts were found to be as plaintiff alleged, an "Act of God" caused the fall and the defendant had no affirmative duty to warn of the alleged danger. Upon conclusion of the plaintiff's evidence, the defendant moved for a directed verdict. The trial court directed a verdict for the defendant and dismissed the action with prejudice. From this judgment plaintiff appealed.

Other pertinent facts are hereinafter set forth.

*T. Bentley Leonard for plaintiff appellant.*

*Gray, Kimel & Connolly, by Larry S. Kimel, for defendant appellee.*

MITCHELL, Judge.

The plaintiff appellant herein makes three assignments of error. The plaintiff first assigns as error the trial court's directed verdict for the defendant at the conclusion of the plaintiff's evidence, pursuant to G.S. 1A-1, Rule 50(a). Motions under this rule are directed to the sufficiency of the evidence to support a

verdict for the plaintiff, when considered in the light most favorable to the plaintiff. *Evans v. Carney*, 29 N.C. App. 611, 225 S.E. 2d 157 (1976); *Bray v. Dail*, 20 N.C. App. 442, 201 S.E. 2d 591 (1974). To determine the sufficiency of the evidence to support a verdict for the plaintiff, and thus go to the jury, all evidence supporting her claim must be taken as true, considered in the light most favorable to her, giving her the benefit of every reasonable inference which may be legitimately drawn therefrom, with contrasts, contradictions, conflicts and inconsistencies resolved in her favor. *Rose v. Motor Sales*, 288 N.C. 53, 59, 215 S.E. 2d 573, 577 (1975); *Studio, Inc. v. School of Heavy Equipment*, 25 N.C. App. 544, 546, 214 S.E. 2d 192, 193 (1975); *Bray v. Dail, supra.*

[1] In applying these rules, we turn first to the plaintiff's evidence. When viewed in the light most favorable to her, the plaintiff's evidence tends to show the following:

Late on the morning of 3 April 1975, Evelyn B. Lyvere, plaintiff herein, entered defendant's grocery store in Oteen, North Carolina to purchase several items. It was a very windy day. The plaintiff selected the items she wished to purchase and was in the process of writing a check to pay for them when she observed a young child, about three or four years old, encounter some difficulty on its way out of the store. While leaving through the front doors, the child tripped and fell due to the action of a gust of wind upon a rug which was on the floor immediately inside the front doors. The rug was about four feet long, three feet wide and of the indoor-outdoor type. When the gust of wind hit the rug, it blew up the "flap or corner" and tripped the child. However, it did not move the rug across the floor.

When the check-out clerk observed this, she said: "Somebody better take that rug up before somebody else gets hurt." She made this statement in the general direction of the business office, and loud enough to be heard by anyone therein. The rug was not removed, and there was no evidence that the statement was heard by anyone except the plaintiff.

About two minutes after the child tripped, the plaintiff, who had entered through the side doors, finished her business and attempted to leave through the same side doors, which were about twenty-five feet from the front door. As she attempted to leave, a stronger gust of wind blew the front doors open and blew the

same rug about ten feet across the floor, wrapping it around her legs and causing her to fall. The plaintiff was injured in the fall. She suffered a fractured left kneecap, disintegrating cartilage behind the same kneecap, and other damages therefrom.

We find, when these facts are viewed in the light most favorable to the plaintiff, the trial court's directed verdict and dismissal with prejudice were proper. The plaintiff, having entered the store during business hours to purchase goods, was an invitee. *Morgan v. Tea Co.*, 266 N.C. 221, 145 S.E. 2d 877 (1966); 9 Strong, N.C. Index 3d, Negligence, § 52.1, p. 473. The standard of care required of the defendant for the protection of the invitee plaintiff was the exercise of ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden perils or unsafe conditions insofar as they could be ascertained by reasonable inspection and supervision. *Routh v. Hudson-Belk Co.*, 263 N.C. 112, 139 S.E. 2d 1 (1964). The defendant was not an insurer of the safety of the plaintiff on the premises, however, and could only be liable for the plaintiff's injuries due to its actual negligence. *Gaskill v. A. and P. Tea Co.*, 6 N.C. App. 690, 171 S.E. 2d 95 (1969).

The plaintiff's evidence, when taken as true and in the light most favorable to her, does not reveal actionable negligence on the part of the defendant. The mere presence of a rug at the entrance of the defendant's store did not constitute actionable negligence. *Farmer v. Drug Corp.*, 7 N.C. App. 538, 173 S.E. 2d 64 (1970). Additionally, we do not think that knowlede by the defendant's clerk on the premises that the corner of the rug had been lifted by the wind a moment or two previously would support a conclusion that the action of the wind in blowing the rug some ten feet across the defendant's floor was reasonably foreseeable. The issue of foreseeability may be determined as a matter of law. *See Pridgen v. Kress & Co.*, 213 N.C. 541, 196 S.E. 821 (1938). As has been specifically stated: " 'Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injury negligently inflicted.' " *Watkins v. Furnishing Co.*, 224 N.C. 674, 676, 31 S.E. 2d 917, 918 (1944). We find as a matter of law that the plaintiff's evidence is insufficient to support a finding of foreseeable injury to the plaintiff by the

defendant and does not establish the proximate cause requisite for actionable negligence.

Even if the plaintiff's injury by action of the wind upon the rug could be found reasonably foreseeable to the defendant, the plaintiff would not be entitled to recovery. All of the plaintiff's evidence, including her own testimony, indicated that she heard the defendant's clerk shout a warning when the corner of the rug blew up and observed the same events observed by the clerk. The position and condition of the rug were as obvious to the plaintiff as to the defendant, and the defendant had no duty to warn the plaintiff of this obvious condition in the store. *Wrenn v. Convalescent Home*, 270 N.C. 447, 154 S.E. 2d 483 (1967). The plaintiff's evidence shows that she had equal knowledge in fact of the condition of the rug and the prevailing wind conditions and does not indicate she was in any way distracted. *See Dennis v. Albemarle*, 242 N.C. 263, 87 S.E. 2d 561 (1955). Thus, the defendant cannot be held accountable for her injury. *Wrenn v. Convalescent Home, supra; Farmer v. Drug Corp., supra.*

[2]  The plaintiff next assigns as error the exclusion by the trial court of evidence which would have tended to show the existence of similar conditions existing more than nine months subsequent to her accident. This matter was clearly within the discretion of the trial court. *In re Will of Hall*, 252 N.C. 70, 78, 113 S.E. 2d 1, 6 (1960); *Fanelty v. Jewelers*, 230 N.C. 694, 55 S.E. 2d 493 (1949). Also, the general rule is "that inferences 'do not ordinarily run backward.'" 1 Stansbury, N.C. Evidence (Brandis Rev. 1973), § 90, *quoting, Sloan v. Light Co.*, 248 N.C. 125, 133, 102 S.E. 2d 822, 828 (1958); *see, Childress v. Nordman*, 238 N.C. 708, 78 S.E. 2d 757 (1953). The exclusion of such evidence was, therefore, a proper exercise of the trial court's discretion and was correct.

Plaintiff's remaining assignment of error, that the trial court erred in disallowing a continuance based upon the absence of a vital witness, is without merit. The record reveals that the witness in question was a physician whose testimony would have been in the nature of expert medical testimony unrelated to the issue of sufficiency of the evidence to overcome the defendant's motion for a directed verdict.

For the reasons set forth herein, the judgment of the trial court is

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.