FELICIA JOHNSON, BY HER GUARDIAN AD LITEM, MARVIN JOHNSON, AND MARVIN JOHNSON, INDIVIDUALLY, AND LENORA T. JOHNSON, INDIVIDUALLY v. WILLIE LEE CLAY

No. 7710SC883

(Filed 7 November 1978)

1. **Automobiles § 63.1— striking child running into road—directed verdict improper**

   In an action to recover damages for injuries sustained by the minor plaintiff when she was struck by an automobile driven by defendant, the trial court erred in granting a directed verdict for defendant where the evidence tended to show that the accident occurred adjacent to a school yard during the time the children were leaving for the day; defendant was employed by the school and was clearly aware of the situation; though defendant was not traveling at an excessive speed, he did fail to keep a proper lookout in that he turned around to speak to the minor plaintiff's mother who was seated in a vehicle beside the road and the accident occurred only seconds after defendant looked back over his left shoulder and waved at the mother; the minor plaintiff's father testified that defendant told him after the accident that the child was at his bumper when he turned back around; and the investigating officer testified that a motorist keeping a proper lookout in this situation would be able to see a child coming across the lawn and could take necessary precautions.

2. **Negligence § 18— contributory negligence of minor—rebuttable presumption**

   A directed verdict on the basis that a child between seven and fourteen was contributorily negligent is not proper, since there is a rebuttable presump-

tion that a child between the ages of seven and fourteen is incapable of contributory negligence, and whether the presumption has been rebutted in a particular case is a question for the jury.

APPEAL by plaintiffs from *Hall, Judge.* Judgment entered 5 April 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 17 August 1978.

The minor plaintiff, Felicia Johnson, by her guardian *ad Litem* brought this action against defendant, Willie Lee Clay, seeking to recover damages for injuries sustained by the minor plaintiff when she was struck by an automobile operated by defendant. The individual plaintiffs joined in the action seeking to recover for medical expenses incurred as a result of the accident and lost wages. Defendant answered, denying the plaintiffs' allegations of negligence. Defendant also alleged that the minor plaintiff's failure to exercise proper care in attempting to cross the street constituted contributory negligence and should bar any recovery by the plaintiffs. Plaintiffs in response pled the doctrine of last clear chance, alleging that even if the minor plaintiff was negligent, defendant knew or should have known of the minor plaintiff's peril and could have avoided striking her had he been exercising ordinary care in the operation of his car. At the close of plaintiffs' evidence, defendant's motion for directed verdict, made on grounds that plaintiffs had failed to show any negligence by defendant, was granted by the court, and judgment for defendant was entered.

*Amos E. Link, Jr., for plaintiffs.*

*Boyce, Mitchell, Burns & Smith, by Robert E. Smith for defendant.*

BROCK, Chief Judge.

[1]  The question raised on a motion for a directed verdict is whether there is sufficient evidence to go to the jury. The directed verdict motion replaced the former procedural device of a motion for involuntary nonsuit. The standard to be applied in determining whether a motion for directed verdict should be granted is essentially the same, however, as the standard formerly applied in ruling on a motion for nonsuit. *Investment Properties v. Allen,* 281 N.C. 174, 188 S.E. 2d 441 (1972). "To determine the sufficiency of the evidence to go to the jury, all evidence sup-

porting the plaintiff's claim must be taken as true and considered in the light most favorable to the plaintiff, giving him the benefit of every reasonable inference which may be legitimately drawn therefrom, with contrasts, contradictions, conflicts, and inconsistencies resolved in the plaintiff's favor." *Oliver v. Royall*, 36 N.C. App. 239, 240, 243 S.E. 2d 436, 438 (1978).

Plaintiffs' evidence at trial would permit the jury to find: The minor plaintiff's mother, Lenora T. Johnson, arrived at Lincoln Heights Elementary School in Fuquay-Varina at approximately 2:45 p.m. on 24 May 1974 to pick up her nine year old daughter, Felicia. Mrs. Johnson parked her car on the south side of Washington Street, which runs in front of the school. The street is approximately twelve feet wide and 150 feet long, running in an east-west direction. There were four cars parked opposite her car on the north shoulder of the street, all of which were headed west. The school yard is on the north side of the street and is slightly elevated above the level of the street. There was a small hedge where the school yard met the street.

Mrs. Johnson's daughter, Felicia, had already boarded a school bus for the trip home. A schoolmate informed Felicia that her mother was waiting for her, and she left the bus. Felicia alternately ran and walked across the school yard, through the hedge, and out into the street, which she had to cross to reach her mother's car. She looked both up and down the street to check for traffic on at least two occasions before attempting to cross.

While Mrs. Johnson was waiting for her daughter to reach the car, she saw defendant Clay enter his car, which was parked on the north side of the street headed west, several car lengths away from her. Mrs. Johnson knew defendant Clay, who was employed as a custodian by the school. She saw him pull into the street, and as his car passed hers, she waved to him. Defendant Clay turned and waved to her, looking back over his left shoulder to do so. Shortly thereafter, five or six seconds from the time she first observed defendant Clay looking back over his shoulder at her, Mrs. Johnson heard a bump or noise and looked around to see her daughter falling from the rear of defendant Clay's car. The minor plaintiff had run out into the street, but only after she had looked both ways.

Marvin Johnson, father of the minor plaintiff, testified to the following conversation he had with defendant Clay after the accident:

"He said — well he said when he looked back that Felicia, that he saw her at the right front bumper of his car and he couldn't stop. I'm saying that Mr. Clay told me that he looked around to wave at my wife. And that when he looked back, it was too late for him to stop and Felicia was at his right bumper." ·

Officer Nathaniel Burt, who investigated the accident, testified with respect to other statements made by defendant Clay.

". . . Mr. Clay said that he turned to speak to Mrs. Johnson. She was sitting on the side of the road in her car. . . . At that time when he turned and spoke to Mrs. Johnson, and looked back around, Felicia was out in the road at that time and he couldn't stop the vehicle in time without hitting her."

Over objection by counsel for defendant, Officer Burt was allowed to testify that in his opinion a person traveling west on Washington Street keeping a proper lookout would have been able to see an object or child coming across the lawn and into the street.

There was no evidence indicating defendant was operating his car at an excessive rate of speed. Indeed the only evidence relative to speed showed that the posted speed limit in the area was 25 miles per hour and that defendant Clay was traveling at a rate of 20 miles per hour.

"The amount or degree of diligence and caution which is necessary to constitute due, reasonable, or ordinary care varies with changing conditions or with the facts and circumstances of each particular case, according to the exigencies which require vigilance and attention." 65 C.J.S., Negligence, § 11(3), p. 578. The law imposes a high standard of care when one either knows or should know that one's actions pose a grave risk to the safety of children. A motorist "must recognize that children have less discretion than adults and may run out into the street in front of his approaching automobile unmindful of the danger. Therefore,

proper care requires a motorist to maintain a vigilant lookout, to give a timely warning of his approach, and to drive at such speed and in such a manner that he can control his vehicle if a child, in obedience to a childish impulse, attempts to cross the street in front of his approaching automobile." *Wainwright v. Miller,* 259 N.C. 379, 381, 130 S.E. 2d 652, 654 (1963). We are also cognizant of the "sudden appearance doctrine," whereby a driver who exercises ordinary and reasonable caution is not liable for injuries caused when a child unexpectedly runs into the street. *See Dixon v. Lilly,* 257 N.C. 228, 125 S.E. 2d 426 (1962). But we do not think that doctrine is applicable to the facts of this case.

The evidence in this case must be evaluated in light of the fact that the accident occurred adjacent to a school yard during the time the children were leaving for the day. Defendant, who was employed by the school, clearly was aware of that situation and subject to the high standard of care discussed *supra.* With that fact in mind, we think the jury could have found from the plaintiffs' evidence that defendant, despite the lack of any evidence of excessive speed, was negligent in failing to keep a proper lookout and that his failure to do so was the proximate cause of the child's injuries. Mrs. Johnson's testimony establishes that the accident occurred only seconds after defendant turned to look back over his left shoulder and wave to her. The minor plaintiff's father testified defendant Clay told him after the accident that the child was at his bumper when he turned back around. The investigating officer testified that a motorist keeping a proper lookout in this situation would be able to see a child coming across the lawn and could take necessary precautions. Defendant urges that the officer's opinion testimony is incompetent; nevertheless, "[a]ll relevant evidence admitted at trial, whether competent or not, is to be given its full probative force in determining a motion for a directed verdict." Shuford, North Carolina Civil Practice and Procedure, § 50-5, p. 411.

[2] Plaintiffs' evidence does tend to show contributory negligence on the part of the minor plaintiff. There is, however, a rebuttable presumption that a child between the ages of seven and fourteen is incapable of contributory negligence. *Mitchell v. Guilford County Board of Education,* 1 N.C. App. 373, 161 S.E. 2d 645 (1968). Whether the presumption has been rebutted in a particular case is a question for the jury, and a directed verdict on

the basis that a child between seven and fourteen was contributorily negligent is not proper. *Anderson v. Butler*, 284 N.C. 723, 202 S.E. 2d 585 (1974).

Viewing all of plaintiffs' evidence in the light most favorable to them, we think it would not be an unreasonable inference to conclude that defendant's negligence caused the minor plaintiff's injuries. The court's entry of a directed verdict for the defendant was therefore improper.

New trial.

Judges HEDRICK and WEBB concur.