Lewis v. Dove

WAYNE LEE LEWIS, By and Through his Guardian, BETTY LEWIS v. CLYDE DOVE

No. 7814SC211

(Filed 6 February 1979)

**Automobiles § 63.2— striking of child—negligence in failing to blow horn**

Plaintiff's evidence was sufficient to be submitted to the jury on the issue of defendant's negligence in failing to exercise proper caution upon seeing plaintiff, a nine-year-old child, near the highway where it tended to show that plaintiff was attempting to cross the highway at a point other than within a marked or unmarked crosswalk when he was struck by defendant's car; the road was straight at the site of the accident and defendant was coming downhill; the distance between the crest of the hill and the point of impact was 425 feet; plaintiff stood beside the road at least a minute before he attempted to cross; plaintiff was looking in the other direction and failed to see defendant's approaching car; and defendant saw that a child was ahead of him on the side of the road, realized that a child's action is unpredictable, but failed to warn plaintiff of his approach by blowing his horn.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 8 November 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 6 December 1978.

Minor plaintiff, Wayne Lee Lewis, by his guardian *ad litem,* brought this action against defendant seeking to recover damages for injuries sustained by him and for medical expenses incurred when he was struck by a motor vehicle operated by defendant. Defendant answered, denying plaintiff's allegations of negligence and alleging contributory negligence as a bar to recovery by plaintiff. At the close of plaintiff's evidence, defendant's motion for a directed verdict on the ground "that there was not sufficient evidence of actionable negligence on his [defendant's] part to be submitted to the jury" was allowed, and judgment was entered for defendant. Plaintiff appeals.

*Robert A. Beason, for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay, by Robert M. Clay and Robert W. Sumner, for defendant appellee.*

ERWIN, Judge.

Plaintiff contends that the trial court erred in allowing defendant's motion for directed verdict, G.S. 1A-1, Rule 50, in that

the evidence presented by plaintiff was sufficient to take the case to the jury on defendant's negligence in failing to exercise proper caution upon seeing plaintiff, a minor child, near the highway. We agree with plaintiff.

Our Supreme Court held in *Adler v. Insurance Co.*, 280 N.C. 146, 148, 185 S.E. 2d 144, 146 (1971):

> "On defendant's motion for a directed verdict at close of plaintiff's evidence in a jury case, as here, the evidence must be taken as true and considered in the light most favorable to plaintiff. *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971); *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). When so considered, the motion should be allowed if, *as a matter of law*, the evidence is insufficient to justify a verdict for the plaintiff. *Kelly v. Harvester Co., surpa.*"

This Court held in *Adams v. Curtis*, 11 N.C. App. 696, 697, 182 S.E. 2d 223, 224 (1971):

> "[I]n determining the sufficiency of the evidence to go to the jury, all evidence which supports plaintiff's claim must be taken as true and viewed in the light most favorable to her, giving her the benefit of every reasonable inference which may legitimately be drawn therefrom, and with contradictions, conflicts and inconsistencies being resolved in her favor."

This rule has been followed by us in *Bray v. Dail*, 20 N.C. App. 442, 201 S.E. 2d 591 (1974); *Oliver v. Royall*, 36 N.C. App. 239, 243 S.E. 2d 436 (1978); and finally in *Johnson v. Clay*, 38 N.C. App. 542, 248 S.E. 2d 382 (1978).

At the trial, plaintiff, age nine, testified that: on 16 May 1975, he had ridden the school bus home from school; after getting off the bus at his house, he crossed Highway 98 (19 feet in width), which ran in front of his house, to go to his mailbox on the other side of the road; after checking the box, he slid into a ditch behind the box, climbed out, picked up his books, but he did not start to cross the road; first, he looked to his left and then to his right as he usually does; when he looked to his left up the hill, he did not see anything; he then looked to his right and saw a car approaching which passed him going to his left; he waited for the car to pass; he waited by the road a *minute*, looking to his right,

because he did not hear anything coming from his left; he forgot to look to his left, because he did not hear anything, and usually he can hear cars if they are on the other side of the hill; his attention was attracted by a horn which sounded like it was coming from his right; without looking back to his left, he started onto the highway and was struck by defendant's car; he was at a 90 degree angle after he started across the road.

Defendant testified that: as he came over the hill, he saw plaintiff climbing out of the ditch on the side of the road; the speed limit is 55 m.p.h., but he was going 45 m.p.h., and upon seeing plaintiff, he reduced his speed to 35 m.p.h.; he kept his foot on the brakes as he came down the hill toward plaintiff; he thought plaintiff was playing on the side of the road and had no idea that plaintiff intended to cross the road; when he was approximately 75 feet from plaintiff, plaintiff ran onto the road, and he could not avoid hitting him. Defendant stated:

> "[I] took my foot off the gas when I came over the crest of the hill. I pressed the brake a little bit and slowed down because I was going about 45, and I slowed down because I saw the boy and I didn't know, you know chillun, and I slowed it down. . . .
>
> BY MR. BEASON:
>
> Q. But you are not sure if he ever looked toward you, are you?
>
> A. He had to look toward me to see the horse on my car.
>
> Q. All right, sir, Mr. Dove, from the time you saw the child, from the first time you saw him, until the time that your car hit him you never blew the horn?
>
> A. I didn't have time."

Plaintiff's other evidence showed that the accident occurred about 3:00 p.m. At the scene of the accident, the speed limit is 55 m.p.h. There was a hillcrest about 425 feet away from the scene of the accident; where the accident occurred, the highway was straight and downhill. Defendant left 47 feet of skid marks up to the point of impact and 17 feet of skid marks after the point of impact. These skid marks were straight and in the middle of the westbound lane of travel up to the point of impact, where they

swerved slightly left. Defendant's car was a 1964 Buick, and plaintiff was located 26 feet past the point of impact.

Defendant contends that it is undisputed that plaintiff was attempting to cross N. C. Highway 98 at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection. G.S. 20-174(a) provides that "[e]very pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway." Plaintiff was under a positive legal duty to yield the right-of-way to defendant's car. On the other hand, plaintiff contends that the law imposes upon a motorist a duty with respect to pedestrians who may be on or near a roadway. G.S. 20-174(e) provides:

"Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

Our Supreme Court held in *Wainwright v. Miller*, 259 N.C. 379, 130 S.E. 2d 652 (1963), in affirming judgment for plaintiff, that the evidence permitted the inference that a motorist failed to see a child ahead of him walking on the sidewalk near the curb when, in the maintenance of a proper lookout, he should have seen the child, or that the motorist saw the child but ignored the possibility that the child might run into the street in front of his car, and did not blow his horn or use proper care with respect to speed and control of the vehicle, and that omission of duty in one or the other of these respects was the proximate cause of fatal accident, is sufficient to overrule nonsuit. In the case before us, defendant recognized that a child was ahead of him on the side of the road; he realized that a child's action is unpredictable, but he failed to warn the child of his approach by blowing his horn.

In *Wanner v. Alsup*, 265 N.C. 308, 310-11, 144 S.E. 2d 18, 19-20 (1965), Chief Justice Denny spoke for our Supreme Court on the subject in reversing nonsuit granted by the trial court at the close of the plaintiff's evidence:

"The mere fact that plaintiff's testatrix attempted to cross Valley Street at a point other than a crosswalk is not sufficient, standing alone, to support a finding of contributory negligence as a matter of law. This Court, in *Bank v. Phillips*, 236 N.C. 470, 73 S.E. 2d 323, in construing subsections (a) and (e) of G.S. 20-174 in connection with this question, said:

'Here, the evidence discloses that the intestate was crossing the street diagonally within the block, at a point which was neither at an intersection nor within a marked crosswalk, and the evidence discloses no traffic control signals at the adjacent intersections. Therefore, under the provisions of G.S. 20-174(a) it was intestate's duty to "yield the right of way to all vehicles upon the roadway."

'If it be conceded that the intestate failed to yield the right of way as required by this statute, even so, it was the duty of the defendant, both at common law and under the express provisions of G.S. 20-174(e), to "exercise due care to avoid colliding with" the intestate. * * *

'Nor may the evidence tending to show that intestate failed to yield the right of way as required by G.S. 20-174(a) be treated on this record as amounting to contributory negligence as a matter of law, particularly so in view of the testimony to the effect that intestate at the time he was struck had reached a point about 10 feet from the west curb of the street. Our decisions hold that failure so to yield the right of way is not contributory negligence *per se*, but rather that it is evidence of negligence to be considered with other evidence in the case in determining whether the actor is chargeable with negligence which proximately caused or contributed to his injury. (Citations omitted.)' "

Taking the evidence in the light most favorable to plaintiff, at the site of the accident, the road was straight, and defendant was coming down hill. From the crest of the hill to the point of impact was 425 feet. Defendant testified: "I can't say how far I was from the boy when I first came over the hill and saw him. I saw him when I came over the top of the hill. He was over there in the

ditch." Plaintiff testified that he stood beside the road a minute after he got out of the ditch. "I know how long a minute is because I have a watch with a second hand that has two points on it with a car on each end. I watched one car go all the way around. I thought that was a minute. That is how long I waited."

Plaintiff was looking to his right oblivious to defendant approaching from his left. Defendant could have or should have seen plaintiff in this position looking to his right. From the evidence in the record and the legitimate inferences arising therefrom, a jury could have found, but not compelled to find, that defendant was negligent on this occasion, resulting in injury to plaintiff.

> "The amount or degree of diligence and caution which is necessary to constitute due, reasonable, or ordinary care varies with changing conditions or with the facts and circumstances of each particular case, according to the exigencies which require vigilance and attention. Therefore, what is ordinary, reasonable, or due care depends on the circumstances of each particular case." 65 C.J.S., Negligence, § 11(3), p. 578.

To us, the plaintiff's evidence does not tend to show contributory negligence on his part as a matter of law. Plaintiff's being nine years old falls in that age group of children between seven years and fourteen years, where there is a rebuttable presumption of their incapability of contributory negligence.

We hold that: (1) Plaintiff's evidence, taken in the light most favorable to him, would permit a jury to find that defendant's negligence caused his injuries; therefore, defendant's motion for a directed verdict was improperly granted. (2) Defendant's motion for a directed verdict on the grounds that minor plaintiff was guilty of contributory negligence as a matter of law was properly denied.

Judgment affirmed on defendant's assignment of error, and judgment reversed on plaintiff's assignment of error.

Reversed in part and affirmed in part.

Judges PARKER and HEDRICK concur.