DAN ALLEN HARSHBARGER, INDIVIDUALLY, DAN ALLEN HARSHBARGER, ADMINISTRATOR OF THE ESTATE OF SUE K. HARSHBARGER, DECEASED, AND SABRINA K. HARSHBARGER, A MINOR, BY AND THROUGH HER DULY APPOINTED GUARDIAN AD LITEM, DAN ALLEN HARSHBARGER v. DAVID BAXTER MURPHY, AND NIGHT CLUBS, INC., D/B/A THE FOXY LADY NIGHTCLUB

No. 8710SC775

(Filed 31 May 1988)

**Intoxicating Liquor § 24— dram shop liability—failure to show whereabouts of driver for 2 hours preceding accident—action dismissed**

    Plaintiff's evidence was insufficient to establish a valid claim under the dram shop liability statute, N.C.G.S. § 18B-305(a), where the evidence tended to show that the intoxicated driver was present at defendant's nightclub from

3:00 p.m. to 5:30 p.m.; the driver's companion testified that, when they left the bar at 5:30 p.m., the driver had no trouble walking, talking, or driving his vehicle; the driver took his companion home, leaving there at 6:50 p.m.; and there was no evidence establishing the driver's whereabouts from 6:50 p.m. until 8:42 p.m. when the accident occurred.

APPEAL by plaintiff from *Bailey, James H. Pou, Judge.* Judgment entered 5 May 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 13 January 1988.

*Johnny S. Gaskins and DeMent, Askew, Gammon & Salisbury, by Russell W. DeMent, Jr., for plaintiffs-appellants.*

*Teague, Campbell, Dennis & Gorham, by C. Woodrow Teague and Dayle A. Flammia, and Parker, Sink, Powers, Sink & Potter, by William H. Potter, Jr., for defendant-appellee.*

JOHNSON, Judge.

This is a civil action to recover damages from a nightclub, for injuries and death sustained in an automobile accident due to the actions of an intoxicated driver, under a dram shop liability theory.

Plaintiff, in his individual capacity, and in his capacity as the administrator of the estate of his deceased wife, Sue K. Harshbarger, and duly appointed guardian ad litem for his child, Sabrina K. Harshbarger, instituted this civil action on 6 August 1985 to recover for damages sustained on 19 April 1985, when a vehicle driven by David Baxter Murphy collided head-on with the vehicle in which plaintiff and his family were riding. Plaintiff and his child were injured and his wife was killed in the collision.

The original suit was instituted against defendant driver and his wife, who filed a third-party complaint against Night Clubs, Inc., d/b/a The Foxy Lady Nightclub. The plaintiff then amended his complaint to name "The Foxy Lady" as an additional defendant, and alleged that the establishment's employees had served defendant-driver alcohol while he was visibly intoxicated, in violation of N.C.G.S. 18B-305(a).

Subsequently, the claim leveled against Murphy's wife was dismissed, and the claim asserted against defendant-driver was settled and dismissed.

At trial against the remaining defendant, "The Foxy Lady," the trial court granted defendant's motion for a directed verdict made at the conclusion of plaintiff's evidence, and dismissed the action with prejudice. From this judgment, plaintiff appeals.

We have before this Court one issue to review: whether the trial court committed prejudicial error in granting defendant's motion for a directed verdict pursuant to G.S. 1A-1, Rule 50(a). For the reasons noted below, we find that defendant's motion was properly allowed.

A motion for a directed verdict tests the legal sufficiency of the evidence to take the case to the jury and to support a verdict for the nonmoving party. *Everhart v. LeBrun*, 52 N.C. App. 139, 277 S.E. 2d 816 (1981). Upon defendant's motion for a directed verdict, the trial court is required to take plaintiff's evidence as true and to consider it in the light most favorable to the nonmovant, giving him the benefit of every reasonable inference, with contradictions, inconsistencies and conflicts in the evidence resolved in plaintiff's favor. *Oliver v. Royall*, 36 N.C. App. 239, 243 S.E. 2d 436 (1978). The reviewing court is confronted with the identical task, that is, to determine whether the evidence, when considered in the light most favorable to the nonmovant, was sufficient to have been submitted to the jury. *Meacham v. Montgomery County Board of Education*, 59 N.C. App. 381, 297 S.E. 2d 192 (1982).

Although rarely appropriate in negligence cases, a verdict may be directed for defendant where plaintiff is unable to offer evidence sufficient to establish, beyond mere speculation, every essential element of negligence. *Oliver* at 242, 243 S.E. 2d at 439. Bearing these principles in mind, we shall consider plaintiff's evidence.

The driver of the automobile testified that he left his place of employment a little after noon on 19 April 1985, the day of the fatal accident. He was accompanied by a co-employee and friend, Charles C. Eddins. They consumed three twelve ounce cans of beer each during the next three hour span and then arrived at the establishment in question, "The Foxy Lady," a little after 3:00 p.m. While there, Murphy drank an additional six to eight twelve ounce cans of beer, played pool and pinball machines, and watched topless dancers perform. He left the bar at around 5:30 p.m. and drove his companion home. Murphy remained at Eddins' home un-

til around 6:50 p.m. Murphy also testified that he could not recollect where he went after he left Charlie Eddins' home. He only remembered later sitting at a countertop bar which has uneven strips of wood, and seeing red and yellow vending machines near a corner of the bar. He also had no recollection of the automobile accident.

Charles Eddins testified that when he and Murphy left "The Foxy Lady" together, Murphy did not appear intoxicated, did not appear to have trouble understanding what he said, did not have trouble walking, and had no trouble driving his vehicle.

Dr. Arthur McBay, an expert in the field of toxicology, and an employee in the State medical examiner's office, testified that in order for Murphy to have had a blood alcohol level of 0.15 at 10:56 p.m., which he had at the time when he was examined after the accident, he would have had to have consumed at least an additional six, four percent alcohol content beers between the hours of 6:50 p.m., when he left Eddins' home, and 8:42 p.m., when the accident occurred. He further testified that Murphy's blood alcohol level would have been 0.18 at 8:42 p.m. when the accident occurred.

Plaintiff presented no conclusive evidence as to Murphy's whereabouts between the hours following his departure from Eddins' home, and the time of the fatal accident. No witness whatsoever was presented who placed Murphy at defendant's establishment between 6:50 p.m. and 8:42 p.m.

Viewing the evidence in the light most favorable to the plaintiff, we find that it was insufficient to have been submitted to the jury on the question of defendant's liability premised upon a violation of N.C.G.S. 18B-305(a).

The statute in question provides that "[i]t shall be unlawful for a permittee or his employee or for an ABC Store employee to knowingly sell or give alcoholic beverages to any person who is intoxicated." N.C.G.S. 18B-305(a). Although we acknowledge this Court's recognition of dram shop liability in *Hutchens v. Hankins*, 63 N.C. App. 1, 303 S.E. 2d 584, *disc. rev. denied*, 309 N.C. 191, 305 S.E. 2d 734 (1983), we feel that the evidence presented was insufficient to establish a valid claim. The irreducible minimum of evidence required of the plaintiff was to at least place the intox-

icated person upon the premises of the establishment which he was attempting to hold liable.

The only evidence which we have of Murphy's appearance at the defendant's nightclub, is his presence at "The Foxy Lady" between the hours of 3:00 p.m. and 5:30 p.m. His companion testified that when they left the bar at 5:30 p.m., Murphy had no trouble walking or talking, or driving his vehicle. No witness testified to the contrary. We have before us no evidence whatsoever which shows that Murphy displayed any manifestations of intoxication or impairment during the time when he was served alcoholic beverages at defendant's nightclub.

We are guided by the reasoning of *Hutchens, supra* at 18, 303 S.E. 2d at 595 as follows: "[w]e conclude that for purposes of imposing civil liability, before a violation of G.S. 18A-34 may be found, [since repealed now codified at G.S. 18B-305(a)] the plaintiff must allege and prove (1) that the patron was intoxicated and (2) that the licensee or permittee knew or should have known that the patron was in an intoxicated condition at the time he or she was served." The plaintiff has failed to produce any evidence of either element, insofar as Murphy's only proven visit to defendant's establishment was concerned.

We therefore hold that the trial court's granting of defendant's motion for a directed verdict was proper.

Judges PHILLIPS and ORR concur.